# WOODWORTH *v.* CHESBROUGH.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 180. Argued April 19, 20, 1917.—Decided May 21, 1917.

Finding a verdict and judgment excessive, the Court of Appeals gave the party who had recovered them his option to submit to a reversal or obtain an affirmance by remitting part of the judgment. The party having acted on the latter alternative, *Held,* that his cross writ of error complaining of the reduction must be dismissed.

Cross writ of error to review 221 Fed. Rep. 912, dismissed.

THE case is stated in the opinion.

*Mr. Edward S. Clark*, with whom *Mr. John C. Weadock* and *Mr. H. M. Gillett* were on the briefs, for plaintiff in error.

*Mr. Thomas A. E. Weadock* for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is a cross writ of error taken by Frank T. Woodworth, defendant in error in No. 179, *ante,* 72, and is presented on the record in that case.

As stated in the opinion in No. 179, the Circuit Court of Appeals reversed the judgment obtained by Woodworth against Chesbrough on the ground that certain amounts computed in the judgment were not sustained by the evidence and, therefore, remanded the case for a new trial. Thereupon Woodworth moved to modify the opinion and judgment in such manner as to permit him to remit such part of it as the court thought was not supported by the evidence and that the judgment, as modified, be affirmed. The motion was denied.

A new trial was had, again resulting in a verdict and judgment for Woodworth. The Court of Appeals again decided that it was excessive but gave Woodworth permission to file a remission of the excess. This he did.

The remittitur recited that plaintiff remits from the judgment the sum of $7,708.56, leaving the amount of the judgment to be $16,005.44. It was stated that it was done in compliance with the opinion of the Circuit Court of Appeals "for the sole purpose of obtaining the entry of a final judgment herein, and of securing the affirmance of that part of the judgment which is not so remitted, and is intended to be without prejudice to plaintiff in any cross

proceeding hereafter prosecuted by him before the Supreme Court of the United States, which cross proceeding follows and continues to be in connection with any proceeding prosecuted in that court by defendant for the purpose of reviewing said judgment of the Circuit Court of Appeals."

The Court of Appeals then rendered the following judgment:

"This cause came on to be heard on the transcript of the record from the District Court of the United States for the Eastern District of Michigan, Northern Division, and was argued by counsel.

"The court having filed its opinion, and defendant in error, Woodworth, having thereupon filed in this court a certified copy of a remittitur filed by him in the court below whereby it appears that the judgment complained of herein has been reduced by the sum of seven thousand seven hundred eight dollars and fifty-six cents ($7,708.56) so that it now stands in the court below as a judgment for sixteen thousand five dollars and forty-four cents ($16,005.44) and costs, entered as of November 22, 1913, and bearing interest from the date at five per cent.

"It is now here ordered and adjudged by this court that the judgment of the said District Court in this cause, as so reduced, and as so standing after such reduction, be, and the same is hereby affirmed; but that plaintiff in error, Chesbrough, recover the costs of this court.

"The remittitur so filed having contained the clause stating that it was intended to be without prejudice to plaintiff below (Woodworth) in the prosecution by him of a cross writ of error or proceeding in the Supreme Court if defendant below should proceed in that court to review this judgment, and this court being unwilling to embarrass the party, Woodworth, in his attempt to preserve any right of review to which he may be so contingently entitled, approval of such remittitur as a sufficient com-

pliance with the opinion on file, is not withheld because of the presence therein of such attempted reservation; but such approval is not to be taken to imply that such right of review can thereafter exist, or that such attempted reservation has any effect to make the remittitur other than absolute and unconditional."

In assertion of the right attempted to be reserved Woodworth prosecutes this writ of error.

A motion is made to dismiss the writ of error, and we think it should be granted. Woodworth is in the somewhat anomalous position of having secured a judgment against Chesbrough and yet seeking to retract the condition upon which it was obtained. This he cannot do. *Koenigsberger* v. *Richmond Silver Mining Co.*, 158 U. S. 41, 52. He encounters, besides, another obstacle: If the remittitur be disregarded the judgment entered upon it must be disregarded and the original judgment of the Circuit Court of Appeals restored, which, not being final, cannot be reviewed.

*Dismissed.*