## KING v. LEACH.
### No. 10302.

Circuit Court of Appeals, Fifth Circuit.
Nov. 3, 1942.

G. Seals Aiken, of Atlanta, Ga., for appellant.

Grover Middlebrooks and Reuben R. Arnold, both of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Mrs. W. R. Leach invited her friend, Mrs. Eddie King, to be her guest on an automobile trip from Atlanta, Georgia, to Stuart, Florida, and to visit in the Leach home there. Mrs. King accepted the invitation, and on April 27, 1941, Mrs. Leach and her guest left Atlanta in an automobile operated by Mrs. Leach's chauffeur. That afternoon on the highway south of Blakely, Georgia, the automobile approached three boys riding bicycles. The chauffeur sounded the horn, and the boys on the bicycles separated and gave way to the sides of the road, leaving ample space for the automobile to pass. As the automobile came nearer, one of the bicycles turned back to the right, and in the resulting confusion the automobile struck the bicycle and ran off the highway, and Mrs. King was sorely injured.

Mrs. King brought suit against Mrs. Leach to recover damages for the injuries she had received while riding as an invited guest passenger in the latter's car. The case was tried to a jury which returned a verdict for the defendant. Judgment was entered on the verdict, and the plaintiff, Mrs. King, has appealed.

The appellant contends that she was deprived of a jury trial by twelve fair and impartial qualified jurors in that one of the jurors was over sixty years of age and not physically or mentally able to properly discharge his duties as a juror. Counsel for appellant avers that during the trial he observed the juror and saw him "doze off at times as if asleep during the course of the trial"; that the juror appeared to be

hard of hearing; that he appeared to be disabled and weak and unable to concentrate upon the case; and that because of his physical condition he had to be excused frequently during the course of the trial. Advanced age alone is not ground for disqualification of a juror. Cf. Albany Phosphate Co. v. Hugger Brothers, 4 Ga.App. 771, 62 S.E. 533. However, the fact of advanced age coupled with physical or mental infirmities, if timely called to the attention of the trial judge would give him an opportunity to exercise his discretion as to the competency of the juror to serve on the case. Arnold v. United States, 7 Cir., 7 F.2d 867; Remus v. United States, 6 Cir., 291 F. 501; Lias v. United States, 4 Cir., 51 F.2d 215. Certainly, one may not complain where, as here, the alleged infirmities of the juror were noticed by counsel during the trial but were not called to the attention of the trial judge. One may not be possessed of such facts and remain silent and speculate on whether the juror is favorable to his cause and then after adverse verdict bring forth his facts and allegations and assert prejudicial error. It is then too late.

Appellant also complains of the charge of the court as to the measure of damages, and of the court's refusal to give certain requested charges on the same subject. It is not necessary to discuss these contentions, for the jury, having found for the defendant and having determined that the plaintiff was not entitled to recover, did not reach the question as to the amount or measure of damages. Conat v. Jones, 120 Ga. 568, 48 S.E. 234; Carstarphen v. Central of Georgia Ry. Co., 8 Ga.App. 162, 68 S.E. 848. As to other assignments of error directed to the court's charge it is sufficient to say that a careful consideration of the charge discloses that it fully and fairly presented the issues to the jury. That is all that is required.

Appellant further contends that the court erred in refusing to grant her motion for a new trial, which motion was based on the ground of newly discovered evidence. In Federal Courts it has long been established that motions for a new trial are addressed to the sound discretion of the trial court, and that the ruling on such motion will not be disturbed by an appellate court unless it constitutes a manifest abuse of discretion. This appellant has had her day in court, and the alleged newly discovered evidence was of such character that it could have been presented at the trial by the exercise of reasonable diligence. The trial court did not abuse its discretion in overruling the motion for a new trial, and this court will not disturb its ruling. Indianapolis & St. Louis R. Co. v. Horst, 93 U. S. 291, 23 L.Ed. 898; Teche Lines v. Boyette, 5 Cir., 111 F.2d 579.

A review of the record discloses no reversible error in the rulings as to the admission and exclusion of evidence, and it is exceedingly clear that appellant was not deprived of any substantial right.

No prejudicial error appearing, the judgment is affirmed.