**ATLANTIC GREYHOUND CORPORATION, Appellant**

v.

**Raymond J. FRANK, Appellee.**

**No. 15516.**

United States Court of Appeals District of Columbia Circuit.

Argued April 29, 1960.

Decided May 26, 1960.

Mr. Laidler B. Mackall, Washington, D. C., for appellant.

Mr. George A. Chadwick, Jr., Washington, D. C., with whom Messrs. John A. Beck and Randall D. Foster, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

At the first trial of this negligence action, plaintiff obtained a $30,000 jury verdict which the District Court found excessive. It ordered a new trial unless plaintiff would accept a $15,000 remittitur. D.C., 172 F.Supp. 190 (1959). The plaintiff chose a new trial which resulted in a $35,000 verdict. The defendant then moved to have that verdict set aside and for a third trial.

In the course of oral argument thereon, the trial judge clearly indicated that he thought the second verdict was also excessive. But it is equally clear that, at the close of the argument, he reserved decision by announcing that he would "state [his] views in writing in a few days." In an opinion, filed five days later, the trial judge denied the motion, noting, *inter alia*, that the "fact that two juries in effect agreed is entitled to a great deal of significance," for "the possibility that a miscarriage of justice has resulted is greatly diminished under such circumstances." D.C.D.C.1959, 177 F.Supp. 922, 923. This appeal followed.

Appellant argues that, since the trial judge orally concluded that the verdict was excessive, and did not explicitly

abandon that conclusion in his written opinion, he erred as a matter of law in failing to set the verdict aside.

We do not agree. We think the trial judge's written opinion may be fairly read as a final and considered determination that the verdict was not so great as to amount to a miscarriage of justice. Cf. Williams v. Nichols, 266 F.2d 389, 392 (4 Cir., 1959).

Affirmed.