**Wallace BUTTS, Plaintiff,**

v.

**CURTIS PUBLISHING COMPANY, Defendant.**

**Civ. A. No. 8311.**

United States District Court
N. D. Georgia,
Atlanta Division.

April 7, 1964.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for plaintiff.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for defendant.

MORGAN, District Judge.

Defendant, on February 28, 1964, under Rule 60(b) (2), Federal Rules of Civil Procedure, 28 U.S.C.A., filed a motion for a new trial upon the ground of the discovery of new evidence, contending that such evidence conclusively demonstrates the falsity of the testimony of two of the plaintiff's witnesses, Dr. Frank A. Rose and Coach Paul Bryant, and strongly supports the defense of justification. The motion is also based upon alleged conduct of plaintiff in attempting to avoid the conditions on which defendant's motion for a new trial was denied and a judgment in plaintiff's favor was granted.

Thereafter, defendant filed an additional motion for a new trial pursuant to Rule 60(b), Federal Rules of Civil Procedure, because of a change in the law of libel and the constitutional restrictions placed upon an action for libel by virtue of the United States Supreme Court decison of March 9, 1964, in the case of New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686.

Even though a final judgment had been entered in the case at hand and an appeal from such judgment has been

perfected by the filing of a notice of appeal, this District Court retains jurisdiction to consider and deny such motions under Rule 60(b). See Ferrell v. Trailmobile, Inc. (5 C.A., 1955), 223 F.2d 697.

The gist of Part I of the first motion is that there is substantial variance between the testimony of Dr. Rose and Coach Bryant in their testimony at the trial of this case and depositions which were later given by Dr. Rose and his secretary, Mrs. Marian H. Park, in an action pending in the Northern District of Alabama in the case of Paul Bryant v. Curtis Publishing Company, Case No. 63–166, which testimony by deposition was taken on January 8, 1964.

In attempting to sustain its plea of justification, the defendant introduced at the trial of this case a letter dated March 6, 1963, written by Dr. Rose, as President of the University of Alabama, to Dr. O. C. Aderhold, as President of the University of Georgia. The letter concerns certain telephone calls relating to conversations on new football rule changes which had transpired between Coach Bryant and plaintiff Butts. At the trial, Dr. Rose in his testimony, in attempting to explain the contents of the Aderhold letter, stated that the letter was hurriedly dictated on the morning of March 6, 1963, and signed by his secretary, Mrs. Park, as he (Dr. Rose) was attempting to catch an early morning plane for Washington, D. C., to attend a meeting of the American Council on Education.

In the depositions taken in the Bryant case, defendant shows that Dr. Rose did not go to Washington, D. C., on the date of March 6, 1963, nor was the letter hurriedly dictated as there was a previous draft of the Aderhold letter, dated March 5, 1963, which draft was substantially the same as the contents of the March 6, 1963, original letter mailed and received by President Aderhold.

The defendant further asserts that Dr. Rose, in his testimony at the trial testified that Coach Bryant told him he did not remember the call of September 16, 1962, to Coach Butts in Athens, Georgia, although he could have made it, and even though Rose had interrogated Bryant several times between February 24, 1963, and March 6, 1963. However, by a recently discovered letter, dated February 28, 1963, written by Bryant to Rose, Bryant, in this letter, informed Rose that he remembered the call to Butts in the middle of September very well, and that although Rose admitted receiving the letter dated February 28, 1963, prior to March 6, 1963, Rose still maintained throughout his testimony in said deposition that Bryant reported to him through all the investigation that he had no recollection of the Sunday, September 16, 1962, telephone call to plaintiff Butts.

Defendant contends that on the issue of the letter (Exhibit D–21) plaintiff was able to explain away the contents of the letter by means of Rose's characterization of Exhibit D–21 as a hasty, error-laden letter, and Bryant's total lack of recollection concerning the telephone call, when in fact the newly discovered evidence establishes that Bryant did recall the Sunday telephone call and that the letter was not a hasty, error-laden letter, but was a careful and thoughtful letter, and that someone received the draft of such letter dated March 5, 1963, prior to its final draft on March 6, 1963.

██ ██ The phrase "newly discovered evidence" refers to evidence of facts in existence at the time of the trial of which the aggrieved party was excusably ignorant. In the case of Chemical Delinting Company v. Jackson, 193 F.2d 123, 127, the Fifth Circuit Court of Appeals has held:

"The motion must show that the evidence was discovered since the trial; must show facts from which the court may infer reasonable diligence on the part of the movant; must show that the evidence is not merely cumulative or impeaching; must show that it is material; and must show that such evidence will probably produce a different result."

See also King v. Leach (5 C.A., 1942), 131 F.2d 8.

■ The evidence clearly shows that the letter from Bryant to Rose was in existence in the latter part of February, 1963. The evidence further shows that the draft of the letter from Rose to Aderhold was in existence prior to March 6, 1963. Under the liberal discovery rule provided by the Federal Rules of Civil Procedure, the defendant could have obtained all of this evidence which it now has available prior to the trial of this case in August, 1963. No facts have been shown by the movant here from which this Court may infer reasonable diligence on its part.

■ Even assuming the evidence could not have been produced at the trial in August by due diligence—inferences not fairly conveyed by the record—the evidence now presented tends merely to affect the weight and credibility of the evidence of Dr. Rose and does not constitute a proper basis for a new trial. See English v. Mattson (5 C.A., 1954), 214 F.2d 406, 409; Grant County Deposit Bank v. Greene, 6 Cir., 200 F.2d 835.

■ After considering the "newly discovered evidence" presented in the motion at hand, and from this Court's review of all the evidence presented at the trial of the case, even if all the testimony entered at this hearing on the motion had been presented at the trial in August, this new evidence affecting the credibility of Dr. Rose would not have changed the verdict in this case. See Chemical Delinting Company v. Jackson, supra, and English v. Mattson, supra.

■ The second ground advanced by the defendant for a new trial under Rule 60(b) is to vacate the judgment entered against the defendant and to grant a new trial because after the plaintiff had filed his written consent to the remittitur (this consent still being on file) that, to the defendant's motion for a new trial, the plaintiff has filed a notice of cross-appeal. The question of the cross-appeal and the merits thereof are not for decision by this trial Court, but is a matter to be considered on appeal. See Woodworth v. Chesbrough, 244 U.S. 79, 37 S.Ct. 583, 61 L.Ed. 1005.

■■ The thrust of defendant's additional motion for a new trial under Rule 60(b) is based upon the recent decision of the United States Supreme Court, rendered on March 9, 1964, in the case of New York Times Company v. Sullivan. The Supreme Court's ruling in the Times case, speaking through Mr. Justice Brennan, held:

"The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice' —that is, with knowledge that it was false or with reckless disregard of whether it was false or not."

The contention of the defendant is that the Times case is controlling for the case at hand, and that under this motion the previous judgment should be vacated and a new trial granted. In order that a prior decision of a court shall govern, such prior decision must be in point, and as a test in determining whether the adjudicated case is a precedent, such case should be measured by a similarity to the second case in its controlling facts. See United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54.

In the Times case, the Supreme Court held actual malice must be proved to recover general damages in actions of libel brought by public officials against critics of their official misconduct. However, the concurring opinion of Justices Goldberg and Douglas stated:

"Purely private defamation has little to do with the political ends of a self-governing society. The imposition of liability for private defamation does not abridge the freedom of public speech."

■ In the present motion at hand, the defendant contends that plaintiff's action comes under the Times ruling in that plaintiff was a public official, and that the verdict and judgment was awarded plain-

tiff as damages for injury to his reputation as a football coach on account of a publication made by the defendant concerning plaintiff's actions while acting as Director of Athletics at the University of Georgia. In the trial of the case, movant defended the action by entering a plea of justification, and no defense was made or evidence introduced concerning Butts' position as Athletic Director or as a public official. Georgia law provides under certain conditions communications concerning the acts of public men in their public capacity and reference therewith to be deemed privileged. Georgia Code Annotated, Section 105–709(6). Just where in the ranks of government employees the "public official" designation extends, the Supreme Court in the Times case did not determine.[1] The decision did determine that Sullivan, as an elected city commissioner of Montgomery, fitted into the category of public officials.

Under Georgia law, members of the Board of Regents of the University System are public officials. Georgia Session Laws, 1931, Pages 7, 45. The evidence presented at the trial shows that plaintiff was Director of Athletics at the University for some two years prior to February, 1963, at which time he resigned. The article complained of was published in the defendant's issue of March 23, 1963. The Board of Regents at both the University of Georgia (located at Athens) and the Georgia School of Technology (located at Atlanta) control the athletic programs of the two institutions, but the details are handled at each institution by an athletic association composed of faculty members and alumni, and each is incorporated to facilitate such business transactions as improvement of athletic grounds and equipment at the two institutions. The schedule of athletic contests for each year is approved by the faculty and by the Regents. The separate athletic associations at both institutions are wholly under the control of the Regents and are their agents. For further details of the athletic setup, see Page v. Regents of University System of Georgia, 5 Cir., 93 F.2d 887, 891–892. As was stated in the Page case, the "coaches" are also members of the faculty.

 Plaintiff Butts was Director of Athletics at the University. The Athletic Director, along with the various coaches in the Athletic Department, were employed by the separate incorporated athletic association. However, the defendant seeks by this motion to extend the category of "public officials" to one employed as agent by the University of Georgia Athletic Department. Even if plaintiff was a professor or instructor at the University, and not an agent of a separate governmental corporation carrying on "a business comparable in all essentials to those usually conducted by private owners"[2] he would not be a public officer or official. Under Georgia law, the position of a teacher or instructor in a State or public educational institution is not that of a public officer or official, but he is merely an employee thereof. Regents of the University System of Georgia v. Blanton, 49 Ga.App. 602(4), 176 S.E. 673; Board of Education of Doerun v. Bacon, 22 Ga.App. 72, 95 S.E. 753. To hold plaintiff, an employee of the University Athletic Association, a public official would, in this Court's opinion, be extending the "public official" designation beyond that contemplated by the ruling in the case of New York Times Company v. Sullivan, supra.

1. In Footnote 23 of the majority opinion, it was stated: "We have no occasion here to determine how far down into the lower ranks of government employees the 'public official' designation would extend for purposes of this rule, or otherwise to specify categories of persons who would or would not be included. Cf. Barr v. Matteo, 360 U.S. 564, 573–575 [79 S.Ct. 1335,

3 L.Ed.2d 1434]. Nor need we here determine the boundaries of the 'official conduct' concept. It is enough for the present case that respondent's position as an elected city commissioner clearly made him a public official. * * *."

2. See Allen v. Regents of the University System of Georgia, 304 U.S. 439, 451, 58 S.Ct. 980, 985, 82 L.Ed. 1448.

For a discussion on whether professors at state universities are "public officers", see Martin v. Smith, 239 Wis. 314, 1 N.W. 2d 163, 170, 172, 140 A.L.R. 1063.

If it were conceded that plaintiff Butts was a "public official", the case of New York Times Company v. Sullivan would not permit the vacating of this Court's previous judgment, as the ruling in the Times case does not prohibit a public official from recovering for a defamatory falsehood where he proves "actual malice"—that is, with knowledge that it was false *or with reckless disregard of whether it was false or not.* (Italics supplied.) In the trial of this case, there was ample evidence from which a jury could have concluded that there was reckless disregard by defendant of whether the article was false or not. See the Court's ruling on defendant's motion for a new trial dated January 14, 1964. Butts v. Curtis Publishing Company, D.C., 225 F.Supp. 916.

For the reasons stated above, the defendant's motions under Rule 60(b) to vacate the judgment entered against the defendant are denied.