this record from pressing such a contention in this court.

The amended order of the District Court entered December 7, 1965 taxing costs and attorneys' fees, will be affirmed.

Louis CASKO, Plaintiff-Appellee,

v.

**ELGIN, JOLIET AND EASTERN RAILWAY COMPANY, Defendant-Appellant.**

Louis CASKO, Plaintiff-Appellant,

v.

**ELGIN, JOLIET AND EASTERN RAILWAY COMPANY, Defendant-Appellee.**

Nos. 15273, 15274.

United States Court of Appeals
Seventh Circuit.

May 25, 1966.

Harlan L. Hackbert, Chicago, Ill., G. Edward McHie, Hammond, Ind., for E. J. & E. Rw. Co.

Max Cohen, and B. K. Delph, Gary, Ind., for Casko.

Before HASTINGS, Chief Judge, and DUFFY and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a FELA [1] case with a verdict of $100,000.00 in plaintiff's favor, a remittitur by him of $62,500.00, and a modified judgment in his favor for the balance of $37,500.00. Defendant appeals from the modified judgment entered on the remittitur. Plaintiff filed a "notice of appeal and cross-appeal" from the order directing the remittitur, and defendant has moved to dismiss the appeal and cross-appeal. We allow the motion to dismiss and affirm the modified judgment.

Plaintiff was injured March 15, 1962, while operating a fork-lift tractor to push three gondola cars from a repair track in defendant's Gary, Indiana repair yard. He had been working for defendant since 1952, and for four or five months before his injury had worked as a tractor operator. At the time he was injured, plaintiff was helping in a program of replacing the trucks (or sets of wheels) of gondola cars; the cars were placed on the repair track, jacked up so the trucks could be removed and replaced, and the substituted trucks were then connected to the gondola body lowered upon them. Plaintiff's function was to use the tractor to push the gondola cars off the repair track.

On the day of the injury, he had used the fork to lift, about a foot from the repair track, the rear end of the rear of the three cars, so that he could shove them "into the clear" across a planked crossing. In this movement one tractor wheel was between the two rails of the repair track, and the other was outside the rails. He shoved the cars over the crossing. But when the front wheels of the tractor struck the planks, the forks "went down," and the rear wheels of the tractor went up in the air four or five feet. Plaintiff applied the foot brake, the tractor stopped and the three cars separated and continued "into the clear." When the tractor wheels came down, plaintiff landed forcibly on the spring-less, fixed metal seat of the tractor and his back was injured.

The complaint charged generally defendant's negligent failure to provide a safe place to work, and three specific acts of negligence. The only specific charge submitted to the jury, however, was that defendant negligently required plaintiff to move the cars by means of a tractor, instead of having them moved by a locomotive.

Defendant contends there was no evidence upon which to submit the specific charge to the jury. To test this contention we take only the evidence favorable to plaintiff and draw the inferences most strongly in the light favorable to him. We do not consider evidence unfavorable to plaintiff or inferences favoring defendant.

The evidence favorable to plaintiff is that he had driven automobiles but had never operated a tractor before being assigned by defendant to do so; that in driving the tractor he faced the large "stationary" front wheels and to steer the tractor to the right or left he had to turn the small rear wheels in the opposite direction, using the steering wheel; that defendant gave him no training in operation of the tractor; that he had shoved only one car at a time prior to the day of his injury; that the cars weighed 23 or 25 tons each; that to push the cars "into the clear" he had to gain momentum before releasing them at the crossing; that most of the ties on the repair track were above the ground, the rails on the ties six or seven inches high and the crossing level with the rails; and that a switch engine was used to place the cars on the track for repair.

We think this evidence and the favorable inferences justified the district court's submission of the specific charge of defendant's negligence to the jury.

The district court ordered the remittitur because the verdict was "grossly excessive" and the size of the verdict

---

1. Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

"shocks the conscience" of the court.[2] Defendant argues that this view of the district judge "coupled with the complete absence, or, at best, paucity of evidence"[3] of negligence requires a new trial of the questions of liability and damages. We disagree that there is a paucity of evidence upon which the jury fastened liability, or that the question of liability is "close or doubtful (at best)."[4] The facts here leave no room for reasonable inference that plaintiff's injury on March 15, 1962, was not due to the occurrence he described. The district court's decision to grant a new trial, if there was no remittitur, was "on the grounds of an excessive verdict." We see no merit in defendant's argument that the question of liability should be retried. There is no merit either in the argument of defendant suggesting that contributory negligence of plaintiff was a proximate cause as a matter of law and that the jury did not diminish damages because of plaintiff's contributory negligence.

This court in Shupe v. New York Central System, 339 F.2d 998 (7th Cir.), cert. denied, 381 U.S. 937, 85 S.Ct. 1769, 14 L.Ed.2d 701 (1965), reversed an order denying defendant's motion for new trial as to damages and liability. There the $125,000.00 verdict, upon which judgment was entered, was grossly excessive, and plaintiff's claim that a defective door caused his shoulder injury was "so grossly at variance" with his own statements to numerous others that the injury was caused by lifting a carton from the floor, that this court was left with a "grave doubt as to truthfulness and reasonableness" of plaintiff's claim. The case before us is not "one of those exceptional cases which call for a reversal," as the court said of the *Shupe* case, 339 F.2d at 1002.

Defendant challenges the propriety of the court's instruction to the jury that it might consider the "permanency" of plaintiff's physical injury, his "further disability and loss of health," his "future loss of earnings and inability to work," and, in effect, that his life expectancy was 32.6 years. It contends there is no basis in the evidence for the instruction and that the instruction probably led to the grossly excessive verdict which cannot be cured by the remittitur.

■■ We think there is a basis in the evidence for this instruction, in which the jury was told they could consider "what evidence, if any," there was of such damages. We also think that the remittitur cured the excessiveness.

Defendant claims prejudice in the court's instruction on "assumption of risk." The instruction given was in the words of the statute[5] to the effect that where the injury or death of an employee results in whole or in part from the negligence of the common carrier, or where the injury or death is contributed to by the common carrier's violation of an employee safety statute, the employee "shall not be held to have assumed the risks of his employment."

Before giving the challenged instruction the court instructed the jury on the questions at issue, including the question of negligence on plaintiff's part. The court further instructed the jury that if plaintiff was guilty of contributory negligence, any award of damages should be diminished correspondingly, and that if plaintiff's negligence was the sole or only proximate cause defendant would not be liable.

■■ It is true that since the 1939 amendment of the FELA, 45 U.S.C. § 54, there is no vestige of the defense of assumption of risk. Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 58, 63 S.Ct. 444, 87 L.Ed. 610 (1943). In that case, Justice Frankfurter commented, as various

---

2. The court had reviewed the evidence in connection with defendant's motion for judgment n. o. v. or, alternatively, a new trial. The only ground it found for a new trial was the excessiveness of the verdict.

3. Brief and Argument for Appellant and Cross-Appellee, p. 16.

4. *Id.* at 21.

5. 45 U.S.C. § 54.

courts [6] since then have done, that juries are likely to be confused by the instruction in the words of the statute. 318 U.S. at 72, 63 S.Ct. at 453 (concurring opinion). We agree that the statutory elimination of the defense of assumption of risk, when read to the jury in FELA cases where that "defense" has been neither pleaded nor argued, serves only to obscure the issues in the case.[7]

We cannot agree with defendant that the instruction had the effect of suggesting to the jury that plaintiff did not have to bear any responsibility for running the tractor into the planking, and therefore deprived defendant of the right to have the jury consider plaintiff's alleged "negligence" as either the sole cause or in diminution of damages. The instruction was not proper, but considering the evidence in this case and the instructions as a whole, we can see no prejudicial error.

## DEFENDANT'S MOTION

If we allowed plaintiff to "appeal and cross-appeal" in Cause No. 15274, and reversed the order of remittitur, the conditional order for new trial would come into play. But plaintiff could have reached the same result by refusing to remit part of the award. Furthermore, the consequence of reversing the remittitur order would be a reinstatement of the original judgment, which is not final. Woodworth v. Chesbrough, 244 U.S. 79, 82, 37 S.Ct. 583, 61 L.Ed. 1005 (1917). Plaintiff consented to the remittitur and has waived objection to the judgment entered. Movible Offshore Co. v. Ousley, 346 F.2d 870, 875 (5th Cir. 1965); S.

6. See, e. g., Dilley v. Chesapeake & Ohio Railway Co., 327 F.2d 249, 253 (6th Cir.), cert. denied, 379 U.S. 824, 85 S.Ct. 47, 13 L.Ed.2d 34 (1964); and Seaboldt v. Pennsylvania Railroad Co., 290 F.2d 296, 300 (3rd Cir. 1961).

7. Plaintiff argues, Brief and Appendix for Appellee, p. 23:
"[T]he record clearly illustrates an attempt on the part of the defendant to develop an evidentiary basis for the use of said defense by changing its name to contributory negligence. * * * It

Birch & Sons v. Martin, 17 Alaska 230, 244 F.2d 556, 562 (9th Cir.), cert. denied, 355 U.S. 837, 78 S.Ct. 62, 2 L.Ed.2d 49 (1957).

Modified judgment affirmed.

is clear that the defendant here attempted to create an inference of assumption of risk by emphasizing * * * the exclusive control of the tractor by plaintiff and that he had been operating said tractor for several months prior to the accident complained of.
If plaintiff feared that the evidence could create a question of assumption of risk, he could have urged an instruction on contributory negligence dissipating any implication that through his driving of the tractor he assumed any risks and thereby insulated defendant from liability.