**Curtis COLLUM, Plaintiff-Appellant, Cross-Appellee,**

v.

**Frank A. BUTLER, James Hand, and James Wooten, Defendants-Appellees, Cross-Appellants.**

**Nos. 17329–17331.**

United States Court of Appeals
Seventh Circuit.

Jan. 20, 1970.

---

1. Defendant's letter of November 15, 1965 was a written claim.

Milton K. Joseph, Chicago, Ill., for plaintiff-appellant, cross-appellee; Lawrence W. Weinstock, Chicago, Ill., of counsel.

Raymond F. Simon, Corp. Counsel, Edmund Hatfield, Asst. Corp. Counsel, Chicago, Ill., for defendants-appellees, cross-appellants; Marvin E. Aspen, Asst. Corp. Counsel, Chicago, Ill., of counsel.

Before SWYGERT and FAIRCHILD, Circuit Judges, and ESCHBACH, District Judge.[1]

SWYGERT, Circuit Judge.

The plaintiff, Curtis Collum, brought this action under 42 U.S.C. § 1983 against Frank A. Butler, James Hand, and James Wooten seeking damages for alleged violations of his civil rights. The defendants are members of the Chicago Police Department. The jury returned a verdict of $17,500 for the plaintiff. The district court ordered a remittitur of $11,500, reducing the judgment to $6,000, or in the alternative ordered a new trial. The plaintiff consented "under protest" to the remittitur, but filed an appeal from the court's order. Defendants Butler and Hand cross-appealed from the judgment in favor of plaintiff.[2] We are of the opinion that the order of remittitur should stand and the judgment should be affirmed.

At the time of trial the plaintiff had been employed by the United States Post Office for seventeen years. During the 1960 Christmas holidays he attended a party at his sister's home in Chicago, leaving at 2:30 a. m. At about that time, officer Wooten in a squad car noticed plaintiff driving his automobile on South Park Boulevard in an erratic manner. The officer attempted to stop the plaintiff by turning on his turret light and his spotlight. The plaintiff ignored this warning, but after a two mile chase was finally stopped. Detecting alcohol on plaintiff's breath, Wooten radioed for assistance. Officers Butler and Hand arrived shortly thereafter.

The plaintiff refused officer Wooten's request to produce his driver's license and resisted the attempt by officers Butler and Hand to search him. At that point the plaintiff was arrested and the officers began to handcuff him. The plaintiff swung his arms and kicked the police. After a scuffle, the officers subdued him, put him in a paddy wagon, and drove him to the police station.

At trial the plaintiff and the officers told conflicting stories concerning what occurred at the police station. The plaintiff testified to beatings by the' officers as well as other forms of unauthorized and abusive conduct. According to plaintiff's testimony he was kicked by officer Butler as he entered the police station. He was then taken to a room and ordered to sit on a bench for ques-

1. Judge Jesse E. Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

2. At the close of plaintiff's case, the district court dismissed the suit against defendant James Wooten. The plaintiff has not appealed from this order.

tioning. Officer Butler pushed him forceably off the bench and onto the floor, grabbed him by his collar, and hit him with his fist. Officer Hand struck him with his fist, causing him to fall backwards against the wall. Butler slammed plaintiff against the bench and pushed him to the floor. The officers refused to help plaintiff up, instead laughed at him and called him obscene names.

Plaintiff was asked to take a Breathalyzer test. Before consenting, he asked permission to make a telephone call. The plaintiff intended to call his mother to inform her that he was in jail and to ask her to obtain a lawyer for him. Possessing only a dollar, plaintiff asked the station turnkey for change. The turnkey refused and when plaintiff remonstrated, one of the officers said, "Well, you are not making no phone call then."

As a result of the alleged beatings, plaintiff claimed his lips were swollen, his nose and wrists were bleeding, his left leg was sore and swollen, and his chest and back ached. His alleged injuries were corroborated by the fact that police (not the defendants) took the plaintiff to Woodlawn Hospital where he received first aid, and then to Cook County Hospital where his wounds were dressed and X-rays taken. Thereafter he returned to the lockup and was shortly released. Plaintiff's personal physician treated him after he returned home. As a result of his injuries, plaintiff claims that he was unable to work for about a month.

The officer's version of the melee in the police station differed radically from plaintiff's. According to the defendants, the plaintiff was belligerent and unruly upon his arrival at the station. The officers attempted to remove plaintiff's handcuffs. After one handcuff had been removed, the plaintiff began swinging the handcuff at the officers while simultaneously kicking them. In the struggle, he lost his balance and fell on the floor. After a brief scuffle, the officers succeeded in bringing the plaintiff under control. Therefore, according to the defendants, plaintiff injured himself in this attempted assault upon them.

■ The plaintiff appeals the district court's order of remittitur or in the alternative of a new trial. Plaintiff's appeal must be dismissed. In Dorin v. Equitable Life Assurance Society of the United States, 382 F.2d 73, 78 (7th Cir. 1967), we held that allowing plaintiff the choice of a smaller judgment than the jury awarded or a new trial was not subject to review by this court. See also Rothschild v. Drake Hotel, Inc., 397 F.2d 419, 426 (7th Cir. 1968); Mattox v. News Syndicate Co., Inc., 176 F.2d 897, 904, 12 A.L.R.2d 988 (2d Cir. 1949). Plaintiff urges that the Fifth Circuit has held such orders to be reviewable in cases of an abuse of discretion, Delta Engineering Corp. v. Scott, 322 F.2d 11, 15 (5th Cir. 1963), and asks that we adopt such a standard. We think plaintiff by consenting to the remittitur has waived objection to the judgment entered, Casko v. Elgin, Joliet & Eastern Ry. Co., 361 F.2d 748, 751 (7th Cir. 1966), and therefore, we do not choose to follow the Delta rule. The plaintiff urges that he has not waived the objection here since he accepted the remittitur only "under protest." We do not think the attachment of a verbal qualification to the acceptance of a remittitur affects the consensual nature of plaintiff's action.

■ The defendants argue in their cross-appeal that the judgment of the district court should be reversed for a number of reasons. The defendants urge that the plaintiff failed to present sufficient evidence to support a prima facie case of liability under 42 U.S.C. § 1983. We disagree. The evidence, viewed in a light most favorable to plaintiff, permitted the jury to find that plaintiff was beaten after he was taken into custody. We think the record further shows that the jury could find that the force used by the officers was unreasonable and unnecessary to restrain the plaintiff thus violating his constitutional right of due process. Screws v. United States, 325

U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Hardwick v. Hurley, 289 F.2d 529 (7th Cir. 1961).

The defendants maintain that the district court should have been granted their request for a summary judgment on the basis that plaintiff's action was barred by collateral estoppel. Two grounds for collateral estoppel were advanced at trial: that plaintiff was convicted in the Municipal Court of Chicago on a plea of guilty to charges of driving under the influence of alcohol and resisting a police officer; and that the Municipal Court suppressed evidence relating to whether the plaintiff voluntarily submitted to the Breathalyzer test. The district court correctly denied the motion for summary judgment. The plaintiff's convictions related to his conduct prior to his arrival at the police station. It is the occurrences in the station alone that give rise to the claim made in the present lawsuit. Similarly, the question whether the plaintiff voluntarily submitted to a Breathalyzer test was at most a collateral matter of doubtful relevance to the issues presented in this action.

The defendants claim that the district court committed reversible error in its instructions to the jury. One of the instructions read in part: "The plaintiff has the burden of proving * * that the defendant[s] did any one of the following acts as alleged by the plaintiff: [u]nlawfully imposed corporal punishment upon plaintiff by beating and wounding him about the face and body; did not permit the plaintiff to contact or seek the advice of legal counsel, although requested to do so; did not permit the plaintiff to contact his family or friends."

The court erred by incorporating within the instruction issues relating to the alleged failure of the defendants to allow plaintiff to contact his mother and to secure an attorney. Although police refusal of a request by a person in custody to contact his family might constitute denial of due process in certain highly unusual circumstances, we think the evidence here is insufficient to present such a claim to the jury. Moreover, with respect to the alleged refusal of Collum's request for counsel, the Supreme Court in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), held Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), was not retroactive. *See* Pierson v. Ray, 386 U.S. 547, 556–557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

We have concluded, however, that the court did not commit reversible error in giving the instruction. The plaintiff produced no evidence of damage resulting from the alleged refusal of defendants to allow him to contact his mother or an attorney. The dominant issue, as the record shows, involved the injuries suffered by the plaintiff as a result of the alleged beating inflicted upon him by the defendants. To permit other issues which occupied positions of such relative insignificance in the trial to be treated now as so important as to make their submission to the jury prejudicial would not serve the interest of justice. Error must be viewed with respect to its relative effect on the results of trial. In our considered opinion, the results of the present trial would not have been substantially affected if these issues had not been submitted to the jury.

The defendants' additional arguments for reversal relating to other instructions and to the closing argument of plaintiff's counsel are so insubstantial that they do not merit discussion.

The judgment is affirmed.