**VICTOR HERMAN, et al.**
v.
**HESS OIL VIRGIN ISLANDS CORP., et al.**

Civil No. 222-72

**FRANKLIN HODGE, et al.**
v.
**HESS OIL VIRGIN ISLANDS CORP., et al.**

Civil No. 224-72

**THOMAS CHERUBIN, et al.**
v.
**HESS OIL VIRGIN ISLANDS CORP., et al.**

Civil No. 223-72

**SYLVESTER MATTHEW, et al.**
v.
**HESS OIL VIRGIN ISLANDS CORP., et al.**

Civil No. 510-72

**WILFRED CHASE, et al.**
v.
**HESS OIL VIRGIN ISLANDS CORP., et al.**

Civil No. 512-72

22

■■■■■

MATTHEW BAPTISTE, et al.

v.

HESS OIL VIRGIN ISLANDS CORP., et al.

Civil No. 513-72

HESS OIL VIRGIN ISLANDS CORP., et al.

v.

CHICAGO BRIDGE & IRON COMPANY, LTD.

Civil No. 598-72

District Court of the Virgin Islands

Div. of St. Croix

October 24, 1974

 

J. MICHAEL SPENCER, Frederiksted, St. Croix, V.I., for Civil Nos. 222-72 through 513-72

BIRCH, DEJONGH & FARRELLY (ALEXANDER A. FARRELLY, · of counsel), St. Thomas, V.I., for Civil No. 598-72, *for plaintiffs*

BIRCH, DEJONGH & FARRELLY (ALEXANDER A. FARRELLY, of counsel), St. Thomas, V.I., for Civil Nos. 222-72 through 513-72

BAILEY, WOOD & ROSENBERG (WILLIAM BAILEY, of counsel), Charlotte Amalie, St. Thomas, V.I., for Civil No. 598-72, *for defendants*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

The jury in this case returned a verdict of $13,295,000.00 against Chicago Bridge and Iron Company, Ltd., in favor of six personal injury plaintiffs, all of whom received severe burns as a result of an explosion in St. Croix of a petroleum storage tank. Hess Oil Virgin Islands Corporation is the owner of the tank and CBI did construction work on the tank for which CBI was faulted. The jury also returned a verdict against CBI in favor of Hess for the property damage to Hess's tank and the product therein. Finally, the jury found no liability on the part of Hess to the six personal injury plaintiffs. CBI filed a motion for judgment notwithstanding verdict or for a new trial.

By Order of July 30, 1974, I denied CBI's motion for judgment notwithstanding verdict and also denied the mo-

tion for a new trial, but conditioned that denial, however, upon the filing within 30 days of a remittitur by the personal injury plaintiffs in the amount of $4,000,000.00. This amount represents that portion of the punitive damages awarded which I found to be excessive. On August 27, 1974, the personal injury plaintiffs filed a remittitur in the amount of $4,000,000.00, but within the language of the remittitur, they reserved the right to cross-assign or cross-appeal the correctness of my requiring such a remittitur. Concurrently with their filing of the remittitur, the plaintiffs filed a Notice of Cross-Appeal, and, a few days later, they filed a Notice of Appeal.

CBI has filed a motion dated September 13, 1974, to reinstate the instant action on the trial calendar for plaintiffs' failure to comply with my order of July 30, 1974. Simply stated, CBI argues that the express reservation appended to plaintiffs' remittitur together with their filing of a Cross-Appeal and a Notice of Appeal constitute an ineffective compliance with the July 30th order; that is, that the acceptance with reservation plus filing appeals pursuant to the reservation amount to a rejection of the requested remittitur.

Because notices of appeal have been filed by plaintiffs and CBI prior to the submission of CBI's motion sub judice, my initial inquiry must focus on whether this Court has retained jurisdiction to entertain the motion.

It is recognized that the filing of a notice of appeal does not, ipso facto, divest a district court of jurisdiction over a case. Where, for example, a notice of appeal contains a defect, the trial court may properly proceed as if no notice has been filed. See Ruby v. Secretary of Navy, 365 F.2d 385, 389 (9th Cir. 1966). A defect is evident in a proceeding in which an appeal is taken from an order that is not final. It has been firmly established that an appeal taken during the pendency of a timely motion made pursuant to

either Rule 50(b) (motion for judgment notwithstanding verdict) or Rule 59(b) (motion for a new trial), is premature and, consequently, fails to divest a district court of jurisdiction. See Rule 4(a) of the Federal Rules of Appellate Procedure; United States v. Crescent Amusement Co., 323 U.S. 173, 177–178 (1944); Healey v. Penna RR, 181 F.2d 934, 935 (3d Cir. 1950); Neely v. Merchants Trust Co., 110 F.2d 525 (3d Cir. 1940); Tucker v. Reading Co., 53 F.R.D. 453, 454–455 (E.D. Pa. 1971).

Had this Court unconditionally granted defendant's motion for a new trial, the finality of the judgment, and the corresponding effectiveness of defendant's notice of appeal, would have been postponed until completion of the second trial. An outright denial of the motion, on the other hand, would have resulted in immediate finality upon entry of that order. However, in accordance with the wide latitude given a trial judge who finds a verdict to contain an excessive award of damages, I presented plaintiffs with the choice either to remit a portion of the damage award which I found to be excessive or to submit to a new trial.[1]

If, as precedent suggests,[2] a trial court has the discretion to present such alternatives to plaintiffs who have prevailed

---

[1] In support of the choice posed by my Order of July 30, I find it necessary to confront dictum in the Third Circuit Opinion in Nelson v. Keefer, 451 F.2d 289 (1971);

Although in a remittitur the claimant is given the option of a new trial, we consider this to be a distinction without a difference. An order of remittitur is a judicial determination that the verdict is excessive as a matter of law. . . . *The reality is that if there is a verdict for the claimant upon retrial, it cannot, from a practical standpoint, be expected to be sustained in an amount previously deemed excessive.*

Id. at 296 n. 10 (emphasis supplied). Due to its status as dictum, there is no reason why this Court should feel bound by the footnote. More importantly, the statement has been criticized by Professors Wright and Miller, who note in their treatise that a trial judge would be reluctant to pronounce as excessive a verdict which two different juries have awarded from the evidence. 11 Wright & Miller, Federal Practice and Procedure, Section 2815, at 105 n. 8 (1973). Such a pronouncement would come dangerously close to treading upon plaintiffs' Seventh Amendment guarantees. Cf. Frank v. Atlantic Greyhound Corporation, 177 F.Supp. 922, 923–24 (D.D.C. 1959), aff'd 280 F.2d 628 (D.C. Cir. 1960), and cases cited therein.

[2] See, e.g., Holmes v. Wack, 464 F.2d 86 (10th Cir. 1972); 11 Wright & Miller, Federal Practice and Procedure, Section 2815, at 100 n. 99 (1973).

at trial, that court logically must retain jurisdiction in the event that the plaintiffs reject the suggested remittitur and submit to a new trial. Had the personal injury plaintiffs in this case chosen to reject the suggested remittitur, or had they failed to respond within the time specified in the Order, any notice of appeal filed by defendant CBI during the time specified in the Order[3] would have been premature and subject to dismissal on motion to the Court of Appeals. Cf. Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469, 471 (3d Cir. 1962). Along the same reasoning, had the personal injury plaintiffs filed a remittitur in the amount suggested but without reserving any right to cross-appeal the alleged error of the trial court in ordering the remittitur, there would be no question as to the finality of the order denying a new trial upon a condition imposed upon one of the parties. Cf. Gila River Ranch, Inc. v. United States, 368 F.2d 354, 357 (9th Cir. 1966). But the fact is that plaintiffs did reserve the right to cross-assign or to cross-appeal the alleged error in ordering the remittitur.[4]

Thus, the language within which plaintiffs' remittitur was couched, the concurrently filed Notice of Cross-Appeal, the plaintiffs' subsequently filed Notice of Appeal and CBI's filing of two Notices of Appeal have created

---

[3] Two notices of appeal were filed by defendant CBI; the first, on August 16, 1974 (before plaintiffs' remittitur) and the second, on September 24, 1974 (after plaintiffs' remittitur). Both notices indicate an appeal from the Final Judgment dated April 19, 1974, from my order of July 17, 1974 limiting CBI's post-trial discovery and from my order of July 30, 1974 denying CBI's motion for judgment notwithstanding verdict and denying conditionally CBI's motion for a new trial. The second notice further appeals my order of July 30, 1974, as amended, modified or otherwise affected by plaintiffs' document entitled "Plaintiffs' Remittitur".

[4] Plaintiffs did, in fact, file a Notice of Cross-Appeal concurrently with the filing of the remittitur. By this notice, plaintiffs appealed the following judgments and orders: the Final Judgment of April 19, 1974; my Order of July 17, 1974, limiting CBI's post-trial discovery; and my Order of July 30, 1974, denying CBI's motion for a new trial conditioned upon the filing by plaintiffs of a suggested remittitur. Then, a few days later, on August 29, 1974, plaintiffs filed a Notice of Appeal by which they have appealed only my Order of July 30, 1974, denying plaintiffs' motion for judgment notwithstanding verdict or a new trial as to defendant Hess as well as ordering them to file a remittitur.

somewhat of a jurisdictional quandary. With both parties having thus appealed, is this Court now foreclosed from determining whether there has been full compliance with the condition contained in the Order of July 30, 1974? I think not. I believe that the determination must be made by this trial court in the first instance and that the jurisdiction residually remains herein to decide only that, and nothing further.

 ■ Turning now to the merits of defendant's motion, I find that the language used by plaintiffs in their remittitur constituted an unconditional consent to the suggested reduction of the jury's award of punitive damages. Plaintiffs' reservation of the right to cross-appeal the trial court's right to request a remittitur and plaintiffs' concurrent filing of a Notice of Cross-Appeal and their subsequent filing of a Notice of Appeal are the only reasonable means by which they can protect their judgment against CBI, appeal the jury's verdict dismissing Hess and, at the same time, protest having to remit part of their damage award.

In the Fifth Circuit, in which a plaintiff may both accept a remittitur and challenge the suggested reduction of damages on appeal, Delta Engineering Corporation v. Scott, 322 F.2d 11, 15 (5th Cir.), cert. denied, 377 U.S. 905 (1963), a plaintiff must couple his acceptance with a protest in order to preserve his appellate rights. Minerals & Chemis. Philipp Corporation v. Milwhite, 414 F.2d 428, 431 (5th Cir. 1969). Prudence, then, dictated that plaintiffs in this case reserve any rights of appeal which the Court of Appeals for the Third Circuit might determine that they have.

. More significantly, I have found no precedent, nor have counsel cited any cases, wherein a new trial resulted from the filing of a requested remittitur under protest. In Woodworth v. Chesbrough, 244 U.S. 79, 81 (1917) the Sixth Circuit requested the plaintiff to remit a portion of an exces-

sive verdict, which the plaintiff did "without prejudice . . . in any cross proceeding hereinafter prosecuted by him before the Supreme Court of the United States". The Supreme Court, while holding that such acceptance of a suggested remittitur vitiated any subsequent right of review, held that the attempted reservation did not alter the absolute and unconditional nature of the acceptance. Cf. Butts v. Curtis Publishing Company, 242 F.Supp. 390, 393 (N.D. Ga. 1964), aff'd, 351 F.2d 702 (5th Cir. 1965), cert. denied, 388 U.S. 130 (1967). Adding precedential support to Woodworth is a recent case from the Seventh Circuit. In Collum v. Butler, 421 F.2d 1257, 1259 (7th Cir. 1970), a remittitur was filed "under protest". Holding that an appeal is impermissible in such a situation, the Court emphasized that it did "not think the attachment of a verbal qualification to the acceptance of a remittitur affects the consensual nature of plaintiff's action".

The cases cited above are authority for the holding that a filing of a remittitur with a reservation of appeal rights is nevertheless a full compliance with a requested remittitur. Whether plaintiffs in this case have the right to appeal my order conditioning the denial of a new trial upon their filing of a remittitur is a question for the Court of Appeals for the Third Circuit to decide. This was Judge J. Fullam's position in Thomas v. E. J. Korvette, Incorporated, 329 F.Supp. 1163, 1171 (E.D. Pa., 1971) with which I am in agreement. Since Korvette was reversed on other grounds, the issue of the appealability of a remittitur filed pursuant to a trial court's order is still undecided in the Third Circuit. My sole determination, then, is that given plaintiffs' unequivocal representation to this Court contained in their brief and expressed in oral argument to the effect that their remittitur was and continues to be unconditional, the reservation of any right of appeal which they may have available to them in no way vitiates the consensual nature of

their remittitur. Their remittitur represents a satisfactory compliance with my Order of July 30, 1974, denying CBI's motion for a new trial.

## ORDER

For the reasons stated in the foregoing memorandum, defendant CBI's motion to re-instate this case on the trial calendar is hereby DENIED.