Neil J. O'NEILL, Plaintiff–Appellee,

v.

Anthony KRZEMINSKI, Richard Fiorillo and James T. Conners, individually and in their official capacities as officers in the Police Department of the City of New Haven, Connecticut, Defendants–Appellants.

No. 76, Docket 87–7272.

United States Court of Appeals,
Second Circuit.

Argued Sept. 28, 1987.

Decided Jan. 29, 1988.

Martin S. Echter, Deputy Corp. Counsel, New Haven, Conn., for defendants-appellants.

John R. Williams, New Haven, Conn. (Mark Rademacher, Williams and Wise, New Haven, Conn., on the brief), for plaintiff-appellee.

Before VAN GRAAFEILAND, MESKILL, and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

Defendant police officers Anthony Krzeminski, Richard Fiorillo, and James T. Conners appeal from a judgment of the District Court for the District of Connecticut (Warren W. Eginton, Judge) entered after a jury verdict finding all of them liable under 42 U.S.C. § 1983 (1982) for using excessive force against the plaintiff and finding Sergeant Fiorillo liable for denying him medical attention in violation of his constitutional rights. The jury awarded plaintiff $80,000 in compensatory damages on the excessive force count and $100 for the denial of medical care. The jury also assessed punitive damages of $125,000 against Fiorillo, $60,000 against Krzeminski, and $35,000 against Conners. The defendants, jointly represented now as at trial by an assistant corporation counsel of the City of New Haven, contend on appeal that the trial court erred by: (1) permitting plaintiff to present evidence of a prior section 1983 judgment entered against Fiorillo for use of excessive force; (2) refusing to withdraw from the jury, and to set aside the verdict on, the claim that Conners participated in the use of excessive force; (3) refusing to instruct the jury that the City of New Haven was not a defendant in the action, and (4) denying defendants' motion to set aside the damage awards as excessive. We affirm the judgment against Fiorillo and Krzeminski, but reverse and order a new trial on the excessive force claim against Conners.

### Background

On the weekend of July 4, 1981, plaintiff-appellee Neil J. O'Neill, then a Captain in the United States Army, was home on leave visiting his family in New Haven, Connecticut. O'Neill went with a friend to a New Haven nightclub called Toad's Place on the night of the fourth. In the course of the evening, O'Neill was ejected from the club for annoying a waitress. He was then arrested by New Haven police officers for breach of peace, handcuffed, and transported in a police van to the station.

In the station's detention area, O'Neill identified himself as an Army Captain. His attitude apparently attracted the disapproving attention of then Sergeant Fiorillo, the detention room supervisor, and Officer Krzeminski, who was on duty at the time. Plaintiff testified that these police officers shoved him and swore at him, prompting him to ask Krzeminski, "What are you, the gestapo? Is this Nazi Germany?" At this point O'Neill, still in handcuffs, was struck three times in rapid succession on his face and head. It is undisputed that at least one blow was struck by Fiorillo, who testified that he thought he had broken O'Neill's nose, and at least one more was struck by Krzeminski using a blackjack. Officer Krzeminski then dragged O'Neill by the throat across the detention area, castigating him for "bleeding all over my floor." Officer Conners observed these events without interceding on O'Neill's behalf.

Disoriented, O'Neill was taken to a holding cell. Soon thereafter, an unidentified man in civilian clothing entered the cell, examined O'Neill, and commented to an unidentified observer that O'Neill needed medical attention. Sergeant Fiorillo subsequently entered the cell and screamed repeatedly at the plaintiff, "Are you refusing medical treatment?" Eventually, plaintiff was driven in a police van to Yale–New Haven Hospital where he was treated for a fractured nose, lacerations to his forehead and eyebrow, and tenderness in his throat.

### Discussion

1. *The Prior Excessive Force Judgment.* Similar act evidence was offered and received under Fed.R.Evid. 404(b) against Fiorillo to show that he had the intent to use excessive force when he struck the plaintiff. The plaintiff initially sought to introduce evidence of two prior section 1983 judgments against Fiorillo,

one for an unlawful arrest and one for use of excessive force. The trial judge refused to permit any evidence with respect to the unlawful arrest judgment on grounds of relevance. Upon determining that the second judgment concerned use of excessive force during an incident less than a month before the O'Neill incident, the trial judge allowed plaintiff to establish both the existence of the second judgment and the date of the underlying incident.

This panel is divided in its views on the admissibility of the prior similar act evidence; the writer believes that the evidence was admissible,[1] Judge Meskill believes admitting the evidence was error, but harmless in view of the strength of the other evidence against Fiorillo, and Judge Van Graafeiland believes it is unnecessary to decide whether error occurred, since he concludes that if there was error, it was harmless. Though split three ways in its approach, the panel is thus unanimous in concluding that the admission of the similar act evidence is not a sufficient ground for disturbing the judgment against Fiorillo.

▮ 2. *Conners' Liability.* We turn next to Officer Conners' contention that the evidence does not support the imposition of liability against him. A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers. *See Byrd v. Clark,* 783 F.2d 1002, 1007 (11th Cir.1986) (excessive force); *Webb v. Hiykel,* 713 F.2d 405, 408 (8th Cir.1983) (excessive force); *Gagnon v. Ball,* 696 F.2d 17, 21 (2d Cir.1982) (false arrest); *Bruner v. Dunaway,* 684 F.2d 422, 426 (6th Cir.1982), *cert. denied,* 459 U.S. 1171, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1983) (excessive force); *Byrd v. Brishke,* 466 F.2d 6, 10–11 (7th Cir.1972) (excessive force); *Skorupski v. County of Suffolk,* 652 F.Supp. 690, 694 (E.D.N.Y. 1987) (excessive force).

In this case, the claim that Conners became liable for use of excessive force by failing to intercede must be assessed separately with respect to the acts of Fiorillo and Krzeminski in striking O'Neill and the act of Krzeminski in dragging O'Neill across the floor by his throat. Even when the evidence is viewed in the light most favorable to the plaintiff, there is insufficient evidence to permit a jury reasonably to conclude that Conners' failure to intercede was a proximate cause of the beating. The three blows were struck in such rapid succession that Conners had no realistic opportunity to attempt to prevent them. This was not an episode of sufficient duration to support a conclusion that an officer who stood by without trying to assist the

---

**1.** The writer's view may be briefly summarized. Two aspects of a defendant's state of mind are relevant to the constitutional tort of using excessive force in violation of section 1983. A required element of the tort is an intention to use force. Negligence is not a basis of liability for constitutional torts. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Dodd v. City of Norwich,* 827 F.2d 1, 3 (2d Cir.1987) (on rehearing). If an officer making an arrest accidentally stumbles, falls against a suspect, and thereby knocks him to the ground and breaks his arm, the amount of force applied may well be excessive, but the constitutional tort of using excessive force has not occurred. Once it is shown that the defendant intended to use force, the plaintiff is entitled, though not required, to prove that the defendant acted "maliciously and sadistically for the very purpose of causing harm." *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). That state of mind, Judge Friendly observed in *Johnson,* is *among* the "factors" that a court may consider to determine whether the conduct surpasses a common law battery and rises to the level of a constitutional tort. Proof of such an aggravated state of mind is a permissible way of proving the constitutional tort, though it is not required, *see Ladnier v. Murray,* 769 F.2d 195, 199 n. 4 (4th Cir.1985).

In this case, it was undisputed that Fiorillo intended to use force. The prior excessive force judgment was therefore not needed and not admissible to prove that base-line intent. However, the plaintiff sought to prove that Fiorillo acted not only with intent to use force but also with an intent to inflict needless injury, *i.e.,* "maliciously and sadistically for the very purpose of causing harm." *Johnson v. Glick, supra,* 481 F.2d at 1033. The prior judgment, evidencing recent use of excessive force, was admissible under Rule 404(b) of the Federal Rules of Evidence to prove that aggravated state of mind. *See Carson v. Polley,* 689 F.2d 562, 573 (5th Cir.1982).

victim became a tacit collaborator. With respect to the subsequent dragging of O'Neill across the floor, however, the case against Conners is adequate to create an issue of fact for the jury. Having seen the victim beaten, he was alerted to the need to protect O'Neill from further abuse. Though not a guarantor of O'Neill's safety in the face of brutality administered by other officers, Conners can be found liable for deliberately choosing not to make a reasonable attempt to stop Krzeminski.

■ The insufficiency of the evidence to support one of the two theories on which Conners was alleged to be liable for use of excessive force requires consideration of the appropriate disposition of his appeal on this point. Normally, when two claims have been submitted to a jury and one of them should not have been submitted, a general verdict in favor of the claimant cannot stand, since it is not possible, in the absence of special interrogatories, to know upon which claim the jury rested its decision. *See United New York and New Jersey Sandy Hook Pilots Ass'n v. Halecki*, 358 U.S. 613, 619, 79 S.Ct. 517, 520, 3 L.Ed.2d 541 (1959); *Morrissey v. National Maritime Union*, 544 F.2d 19, 26–27 (2d Cir.1976). That principle would seem applicable to a jury's answer to one interrogatory that comprehends two distinct bases of liability, only one of which is adequately supported by evidence.

It is less clear that Conners has adequately preserved for review a challenge to the sufficiency of the evidence to show that he is liable for failing to intercede in the beating, as distinguished from the dragging of O'Neill across the floor. In the criminal context, we have held that a defendant is obliged to alert a trial judge to a claim that one basis for conviction of an offense is not supported by sufficient evidence; in the absence of such particularized objection, the point is waived. *See United States v. Cunningham*, 723 F.2d 217 (2d Cir.1983), *cert. denied*, 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984); *United States v. Mowad*, 641 F.2d 1067 (2d Cir.), *cert. denied*, 454 U.S. 817, 102 S.Ct. 94, 70 L.Ed.2d 86 (1981). The appellate court assumes that the jury based its verdict on those aspects of the count that were supported by sufficient evidence. That assumption is made to prevent a defendant from withholding an objection that the trial judge might have agreed with, in which event a subsequent verdict would have been unassailable. In this case the defendants moved for a directed verdict at the close of the evidence and renewed their contention in a post-trial motion for judgment notwithstanding the verdict. It does not appear, however, that any argument was advanced on behalf of Conners that distinguished between the beating and the subsequent dragging with respect to the sufficiency of the evidence.

■ We need not decide in this case how rigorously the waiver rule of the criminal cases should apply in the civil context. Even if we would be entitled to rule that Conners had inadequately sought to withdraw from the jury's consideration his liability specifically for the striking of blows, we would not be compelled to do so. Upon reviewing the record, we are satisfied that the verdict against Conners rests so heavily upon his failure to intercede in the beating that we will not assume that the jury found against him on the excessive force claim solely because he failed to intercede with respect to the subsequent dragging. *Cf. Collum v. Butler*, 421 F.2d 1257, 1260 (7th Cir.1970) (police misconduct verdict upheld where appellate court was satisfied that the jury relied on a permissible basis of recovery, even though an impermissible basis was submitted to the jury). Moreover, we can have no confidence that even if the jury thought Conners was liable only for failing to intercede in the dragging episode, it would have determined that he was responsible for the full award of compensatory damages or the punitive damages assessed against him. Normally, a jury need not allocate compensatory damages among defendants, but such allocation may be required where the liability of a defendant is limited to acts that inflict only a portion of the damages. *See Gagnon v. Ball*, 696 F.2d 17, 19 n. 2 (2d Cir.1982). Under all of the circumstances, we will reverse the judgment as to Conners and

order a new trial, limited solely to the claim that he became liable for the use of excessive force by failing to intercede in an effort to prevent Krzeminski from dragging O'Neill across the floor after the blows had been struck.

3. *Municipal Indemnification.* The defendants also challenge aspects of the trial relating to the municipal indemnification agreement between the police officers and the City of New Haven under which the City accepted responsibility for payment of compensatory and punitive damages. They contend first that the District Judge erred by ruling that he would inform the jury of the indemnification agreement in the event that the defendants sought to introduce evidence of their individual net worth to lessen the award of punitive damages, *see Zarcone v. Perry,* 572 F.2d 52, 56 (2d Cir.1978). Our review of the record discloses that no such ruling was ever made or even threatened. We also reject defendants' contention that the District Judge erred by refusing to instruct the jury that the City of New Haven was not a defendant in the lawsuit and therefore was not to be considered in determining the amount of damages. Such an instruction is not compelled by *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), which held only that a defendant municipality was immune from punitive damages under section 1983. We are particularly unwilling to extend *Fact Concerts* to the present setting since the City of New Haven has by its indemnification agreement voluntarily waived its immunity from payment of punitive damages.

■ 4. *Damages.* Finally, the defendants challenge the damage awards. They argue that both the compensatory award of $80,000 for the excessive force claim and the punitive awards totalling $185,000 against Fiorillo and Krzeminski were excessive.

The standard for appellate review of damage awards, whether compensatory or punitive, "is whether the award is so high as to shock the judicial conscience and constitute a denial of justice." *Zarcone v.*

*Perry, supra,* 572 F.2d at 56 (citations omitted); *see also* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2820 (1973). This narrow standard for review is particularly appropriate in the present case because the defendants' liability itself was premised on a substantive due process "shocks the conscience" test.

The compensatory award is amply supported by the record. Though O'Neill appears to have suffered no permanent physical disability as a result of his beating, he was entitled to full compensation for his physical and emotional pain, as well as lost wages, suffered as a result of the accident. *See Henry v. Gross,* 803 F.2d 757, 768 (2d Cir.1986). There was evidence that the pain from his fractured nose and lacerations to his face and head continued for one to two months and required ongoing medical attention. Moreover, there was sufficient evidence of lost wages to justify the award on that basis. O'Neill testified that as a result of his injuries he was forced to return late to his Army post and consequently fell behind his class of officers. According to his testimony, O'Neill left active service to his great disappointment soon thereafter and later decided to pursue a law degree. Though it seems unlikely that the wages O'Neill has lost since leaving the Army will be permanently forgone now that he has earned his law degree, a jury was entitled to so find on the evidence before it.

Nor do we find the punitive damages excessive. A punitive award "may be an integral part of the remedy in a civil rights action." *Zarcone v. Perry, supra,* 572 F.2d at 54; *see also Smith v. Wade* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). In denying defendants' motion to set aside the verdict, Judge Eginton noted that he "had heard many excessive force cases in eight years of jury trials, but none so shocked the conscience of this court as did this one." The plaintiff, while handcuffed and unable to defend himself, was struck repeatedly about the head by two law enforcement officers. Though the punitive awards against defendant Fiorillo and Krzeminski, totalling $185,000, are

substantial, we do not consider them excessive on the facts of this case. *See Hall v. Ochs,* 817 F.2d 920, 927 (1st Cir.1987) (punitive award of $200,000 upheld in police misconduct case involving racial discrimination but no physical beating); *Zarcone v. Perry, supra,* 572 F.2d at 57 (upholding $60,000 punitive award in civil rights action against single judicial officer for "outrageous conduct" not involving a physical beating). As this Court remarked in *Zarcone,* "the abuse of official power here was intolerable, and when a jury has dealt with it severely, as it should, we will not draw fine lines to restrain its dispensation of justice." *Id.*

We have considered appellants' remaining claims and conclude that they do not warrant any relief. The judgment of the District Court is affirmed as to Fiorillo and Krzeminski; as to Conners, the judgment is reversed and the cause remanded for a new trial in accordance with this opinion. Appellee may recover two-thirds of his costs.

MESKILL, Circuit Judge, concurring:

I concur in the result reached here and in most of the discussion in the majority opinion. I write separately to explain my disagreement with Judge Newman's statement in footnote 1 that "[t]he prior judgment, evidencing recent use of excessive force, was admissible under Rule 404(b) of the Federal Rules of Evidence to prove that aggravated state of mind [—the intent to inflict needless injury]."

I realize that this Circuit has long been committed to the "inclusionary" approach to the admissibility under Fed.R.Evid. 404(b) of similar act evidence. *See, e.g., United States v. Benedetto,* 571 F.2d 1246, 1248 (2d Cir.1978) (citing McCormick, *Evidence* § 190, at 447 (2d ed. 1972)). Evidence of similar bad acts is admissible if it is substantially relevant for some purpose other than to show the character of a person in order to prove that he acted in conformity therewith. *Id. See also United States v. Brennan,* 798 F.2d 581, 589 (2d Cir.1986). However, Officer Fiorillo does not claim that the blows struck were accidental or the result of negligence. Neither does he claim that he thought the plaintiff's nose was sturdy enough to withstand his forceful blows without injury. Therefore, I fail to see the relevance of evidence that Officer Fiorillo used excessive force against a stranger to this suit one month prior to the incident complained of in this case. This evidence only reflects on Fiorillo's character, impermissibly signalling the jury that this defendant is a police officer who was found by a court to have brutalized someone in his custody a month before the incident involved in this case and here he has done it again. This evidence should have been excluded under Fed.R.Evid. 404(b). It was also excludable under Fed.R.Evid. 403 as substantially more prejudicial than probative. *See Brennan,* 798 F.2d at 589.