Ed BRAUN, et al., Plaintiffs-Appellees,

v.

Larry C. FLYNT, Defendant,

Chic Magazine, Inc.,
Defendant-Appellant.

No. 82–1235.

United States Court of Appeals,
Fifth Circuit.

May 14, 1984.

Jack N. Price, Austin, Tex., for defendant-appellant.

Byrd, Davis & Eisenberg, Don L. Davis, Austin, Tex., for plaintiffs-appellees.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

(Opinion March 9, 1984, 5th Cir.1984,
726 F.2d 245)

Before POLITZ and JOLLY, Circuit Judges, and HUNTER *, District Judge.

PER CURIAM:

No member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestion for Rehearing En Banc is DENIED.

The petition for panel rehearing also is DENIED. Most of the arguments raised by the appellant Chic Magazine, Inc. in the petition for rehearing were fully considered by the panel in rendering our opinion. We write to address a single issue: Chic's contention that the jury award for invasion of privacy may not be affirmed because it was based on instructions authorizing recovery

---

* District Judge of the Western District of Louisiana, sitting by designation.

on either a "false light" or an "appropriation" theory and because there was no evidence to support a recovery for appropriation.[1]

 When two claims have been submitted to the jury, whether on a general verdict or, as here, in a single interrogatory, a new trial may be required if one of the claims was submitted erroneously. *United New York and New Jersey Sandy Hook Pilot Ass'n v. Halecki*, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 (1959). In *Halecki*, the Supreme Court said, "A new trial will be required for there is no way to know that the invalid claim . . . was not the sole basis for the verdict." On the other hand, a general verdict can be upheld, even when a claim erroneously has been submitted "where it is reasonably certain that the jury was not significantly influenced by issues erroneously submitted to it." *E.I. Du Pont de Nemours v. Berkley & Co., Inc.*, 620 F.2d 1247, 1258 n. 8 (8th Cir.1980). *See, e.g., Collum v. Butler*, 421 F.2d 1257, 1260 (7th Cir.1970); *Gardner v. General Motors Corp.*, 507 F.2d 525, 529 (10th Cir. 1974).

 Despite Chic's objections, we are totally satisfied, or, expressed in the words of the Eighth Circuit, "reasonably certain," that the verdict for Mrs. Braun in this case was not based solely upon the theory of appropriation of her likeness.[2] There was little if any evidence presented at trial tending to show that Mrs. Braun had been damaged by appropriation. The entire focus of Mrs. Braun's case was her contention that the publication of her picture in *Chic* created a false impression of her and damaged her reputation. The district court instructed the jury that in awarding compensatory damages for invasion of privacy it could consider Mrs. Braun's "personal humiliation, mental anguish and suffer-

ing." In addition, in answer to a separate interrogatory also relating to Mrs. Braun's invasion of privacy claim, the jury found that *"Chic* published Mrs. Braun's picture in a manner highly offensive to a reasonable person." This finding is necessary to a false-light invasion of privacy claim, but does not form part of the claim for appropriation of likeness. *See Restatement (Second) Torts* §§ 652C, 652E (1977).

Finally, the jury's answers to special interrogatories relating to defamation, a cause of action closely related to false-light invasion of privacy, indicate to us that the basis of the award for invasion of privacy was the false impression of Mrs. Braun that the jury believed to have been created by *Chic*'s publication of her picture. "To permit . . . issues which occupied positions of . . . relative insignificance in the trial to be treated now as so important as to make their submission to the jury prejudicial would not serve the interest of justice." *Collum v. Butler*, 421 F.2d at 1260. We find unreasonable Chic's assertion that the outcome of the trial would have been affected if the appropriation issue had not been submitted to the jury.

SUGGESTION FOR REHEARING EN BANC DENIED; PETITION FOR REHEARING DENIED.

---

**1.** The jury verdict of actual damages for invasion of privacy was based on a special interrogatory which asked: "Do you find that *Chic*'s publication of Mrs. Braun's picture created a false impression of her or was an unauthorized appropriation of her picture, reputation or accomplishments?" The special interrogatory for

punitive damages for invasion of privacy was worded similarly.

**2.** In response to *Chic*'s petition for rehearing, Mrs. Braun has not argued that the evidence presented at trial would support a verdict based on the theory of appropriation.