Rebecca L. **BOX, Individually and as Administratrix of the Estates of Gregory Mark Box and David Gregory Box, Plaintiff–Appellee,**

v.

**FERRELLGAS, INC., Defendant–Appellant.**

No. 90–5617.

United States Court of Appeals, Fifth Circuit.

Sept. 24, 1991.

Rehearing Denied Oct. 22, 1991.

David R. Schlee, Daniel R. Young, Smith, Gill, Fisher & Butts, Kansas City, Mo., for defendant-appellant.

Catherine M. Stone, John Philip Watkins, Watkins, Mireles, Brock & Barrientos, San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GOLDBERG and GARWOOD, Circuit Judges.

CLARK, Chief Judge:

Rebecca L. Box (Box) brought this action against Ferrellgas, Inc. (Ferrellgas). Box claimed that Ferrellgas's negligence caused the death of her husband Gregory and her son David. A jury awarded Box $2,175,-694.00 for loss of companionship and socie-ty, pecuniary loss, loss of inheritance, and mental anguish. Ferrellgas appeals. We vacate the judgment appealed from and remand for a new trial.

## I. BACKGROUND.

Box, her husband, and her son lived in a mobile home equipped with several propane-fueled appliances. A 250 gallon storage tank located in the back yard supplied propane to the mobile home.

Defendant Ferrellgas and its predecessor, Universal Gas, sold propane gas and leased the storage tank and the pressure regulator attached to it to the Boxes.

On the morning of April 15, 1988, Ferrellgas driver Raul Ornales delivered propane to the Box residence. That evening, a fire destroyed the mobile home. Gregory and David Box died in the fire.

Box brought this action in Texas state court claiming that a propane gas leak caused the deaths of her husband and son. She claimed that Ferrellgas was negligent in inspecting, maintaining, and filling her propane tank and that this caused the fatal fire. Ferrellgas removed on the basis of diversity. Texas substantive law governs this case.

Box proceeded under a variety of legal theories. By the time the case was submitted to the jury, however, the district court had dismissed or Box had abandoned all theories except negligence. Box does not appeal the dismissals of her other theories.

Some background information is necessary to understand Box's claim. Propane fuel is delivered by truck and stored in liquid form in a propane tank on the customer's premises. The propane tank maintains propane in liquid form by keeping the contents under pressure. The liquid propane settles in the bottom part of the tank. Propane vapor boils off and collects in the top of the tank as a gas. This gas is drawn from the top of the tank for delivery to the home. A copper tube called a pigtail carries propane in gaseous form from the tank to the regulator. In a properly functioning system with proper filling, the reg-

ulator restricts the flow of gas from the tank to the home and reduces tank pressure to normal working pressure.

According to Box's expert witnesses, the accident occurred when liquid propane entered the regulator and passed downstream toward the trailer home. The downstream liquid propane created high pressure in pipes under the trailer. Box's experts opined that the high pressure caused leaks in the pipes, that propane gas leaked from the pipes, ignited, and the destructive fire ensued.

Box alleges that Ferrellgas's negligent inspection, maintenance, or both allowed the condition of the regulator and the pigtail to deteriorate so that they did not function properly. She also contends that Ornales overfilled the tank. She claims that these conditions allowed liquid propane to pass downstream from the regulator and that they proximately caused the fire.

Ferrellgas maintains that an electrical problem in the mobile home caused the fire. Ferrellgas denies that Ornales overfilled the tank and argues that the conditions of the regulator and the pigtail were not shown to have proximately caused the fire.

## II. DISCUSSION.

### A. Jury interrogatories.

■ Ferrellgas argues that the jury interrogatories allowed the jury to find that Ferrellgas's inspection and maintenance proximately caused the fire without regard to whether Ornales overfilled the tank. According to Ferrellgas, there was no evidence to support a finding that negligent inspection, maintenance, or both, apart from overfilling, proximately caused the fire.

The relevant jury interrogatories state:

1. Do you find from a preponderance of the evidence that Defendant was negligent in the inspection, maintenance, or filling of the propane tank at issue in this case?

Answer: Yes

2. Do you find from a preponderance of the evidence that Defendant's negligence was a proximate cause of injury to Plaintiff?

Answer: Yes

At trial, Ferrellgas objected to the use of the word "or" in the first interrogatory. Ferrellgas argued that the disjunctive phrasing of that interrogatory allowed the jury to answer yes without finding that the tank was overfilled. Ferrellgas contended that the evidence did not support a finding of proximate cause based solely on negligent inspection and/or maintenance.

■ A single interrogatory that submits multiple theories is acceptable when each of the theories is sustained by the evidence and legally sound. See Nowell By and Through Nowell v. Universal Elec. Co., 792 F.2d 1310, 1312 (5th Cir.), cert. denied, 479 U.S. 987, 107 S.Ct. 578, 93 L.Ed.2d 581 (1986); Jones v. Miles, 656 F.2d 103, 106 (5th Cir., Unit B, Aug. 1981); Smith v. Southern Airways, Inc., 556 F.2d 1347 (5th Cir.1977). If one or more substantial grounds for the verdict should have been decided as a matter of law in favor of Ferrellgas, reversal and a new trial are required, notwithstanding the presence of other grounds that could have supported the verdict. E.I. du Pont de Nemours & Co. v. Berkley & Co., 620 F.2d 1247, 1257 (8th Cir.1980) (collecting cases). We have held, however, that "a general verdict can be upheld, even when a claim erroneously has been submitted 'where it is reasonably certain that the jury was not significantly influenced by issues erroneously submitted to it.'" Braun v. Flynt, 731 F.2d 1205, 1206 (5th Cir.) (per curiam) (on petition for rehearing and suggestion for rehearing en banc) (quoting E.I. du Pont de Nemours, supra, at 1258 n. 8), cert. denied, 469 U.S. 883, 105 S.Ct. 252, 83 L.Ed.2d 189 (1984).

Ferrellgas's construction of the interrogatories is correct. The use of the word "or" allowed the jury to find negligence without regard to overfilling. The jury's answer to the proximate cause interrogatory could represent a finding that negligent inspection, maintenance, or both proximately caused the fire.

We also agree that there was no evidence from which the jury could have

found proximate cause without finding negligent overfilling. Although the parties disputed whether the tank was overfull, they do not dispute that if it were overfull, this resulted from the negligence of Ornales. The Texas Railroad Commission recommends that the tank should have been filled to about eighty-two percent full. Ornales indicated on a ticket that he filled the tank to eighty-two percent full. The parties agree that filling the tank to eighty-two percent full would not have been negligent. Box's experts consistently stated that liquid propane would not have entered the regulator and passed downstream unless the tank was filled to at least ninety-three percent full on the morning of April 15, 1988. Box's experts testified that a deteriorated regulator or a corroded pigtail might have affected the system's ability to handle liquid propane passing through the regulator. However, there was no evidence in the record indicating that liquid propane could have passed downstream from the regulator in the absence of an overfill. Thus, there was no evidence to show that Ferrellgas's inspection and/or maintenance proximately caused the fire in the absence of an overfill.

The record contains evidence from which a reasonable fact finder could have concluded that the fire was proximately caused by negligent filling alone or by negligent filling *plus* negligent inspection, maintenance, or both. The district court erred by phrasing the interrogatories in a way that allowed the jury to find proximate cause without finding negligent filling.

█ In today's case, we cannot say with reasonable certainty that the jury was not significantly influenced by the erroneous submission of negligent inspection and/or maintenance in the absence of overfilling. First, this was a technical case. Box submitted evidence which would have allowed the jury to find negligent inspection and/or maintenance but which did not show proximate cause. For example, her experts testified that a worn regulator might have been somewhat less able to handle liquid propane than a new regulator. However, they agreed that liquid propane would not

have entered the regulator unless the tank was overfilled. Second, Ferrellgas contested Box's theory that propane caused the fire and attempted to show that Ornales did not overfill the tank. Third, the jury wrote a note to the trial judge asking whether they had to find negligence as to only one of Box's theories or all three. The judge responded by repeating the interrogatory as submitted. We conclude that the district court's error requires a new trial.

### B. Regulator condition.

█ Ferrellgas moved for a directed verdict on the maintenance and inspection theories. Ferrellgas argues here that the district court's denial of the motion was error because there was no evidence showing that the regulator's condition proximately caused the fire. It is true that the record contains no evidence that, absent an overfill, the regulator's condition could have caused the fire. However, witnesses Coltharpe and Ross testified that, individually or in combination, the condition of the regulator and the pigtail might have been contributing causes if there had been an overfill. A jury interrogatory asking whether there was both negligent filling and negligent inspection or negligent filling and negligent maintenance would not have been error.

### C. Fire investigator's testimony.

An investigator from the state fire marshal's office, Manuel Vasquez (Vasquez), inspected the scene of the fire and filed a report stating that the origin was unknown. In his deposition, Vasquez stated that he could not determine the fire's origin without reviewing the coroner's report on the causes of death. He speculated, however, that propane rather than an electrical problem caused the fire. Defense counsel asked whether he would so testify in court. Vasquez responded that his speculation represented his firm belief, but that he would testify in court that the origin of the fire was unknown.

Box offered Vasquez's deposition testimony at trial because he was beyond the court's subpoena power. Ferrellgas made

a motion in limine to exclude Vasquez's testimony on the basis that it was speculation and that it did not take into account the coroner's report which Vasquez considered crucial. The district court overruled the objection. Ferrellgas argues that this was error.

■ This circuit entrusts rulings on the admission of expert testimony to the sound discretion of the district court. We review such decisions for manifest error. *See, e.g., Myers v. Griffin–Alexander Drilling Co.*, 910 F.2d 1252, 1254 (5th Cir.1990); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 176 (5th Cir.1990); *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 280 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987); *see also Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962).

When the coroner's office issued its report, Ferrellgas filed a motion to redepose Vasquez. The district court denied this motion. Ferrellgas argues that the pathologist who oversaw the official autopsies testified that Gregory and David Box did not die in a propane explosion or flash fire. Ferrellgas contends that Vasquez might have changed his testimony after reviewing the autopsy report.

On remand, Vasquez may be a witness, the parties may have an opportunity to redepose Vasquez or subsequent new evidence may affect the outcome of this issue at the new trial. We therefore pretermit any decision on whether the district court's ruling was manifestly erroneous.

### III. CONCLUSION.

The judgment of the district court is VACATED, and the case is REMANDED for a new trial.