## CHARLEY SMITH *v.* MISSISSIPPI.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 710. Argued and submitted December 13, 16, 1895. — Decided April 13, 1896.

An affidavit to a petition for removal filed under section 641 of the Revised Statutes, to the effect that the facts therein stated are true to the best of the knowledge and belief of the accused, is not evidence in support of a motion to quash the indictment, unless the prosecutor agrees that it may be so used, or unless by the order of the trial court it is treated as evidence.

A motion to quash an indictment against a person of African descent upon the ground that it was found by a grand jury from which were excluded because of their race persons of the race to which the accused belongs can be sustained only by evidence independently of the facts stated in the motion to quash.

THE plaintiff in error, Charley Smith, was charged by indictment in the Circuit Court of Bolivar county, Mississippi, with having, on the 14th day of May, 1894, in that county, wilfully, feloniously and of malice aforethought killed and murdered one Wiley Nesby.

Before arraignment the accused moved, upon grounds stated in writing, to quash the indictment. One of those grounds was that the grand jurors who presented the indictment were not impartial, "as guaranteed by the constitution of the State aforesaid and of the United States, of which the defendant is a citizen of color, black;" another, "because of the prejudice against him and his race on account of their color, the grand jury aforesaid was purposely selected of the white race, to the exclusion of the colored persons of the county competent for jury service, by the officers charged therewith, under the state law, on account of their color, for the purpose of procuring this indictment against defendant in violation of his constitutional right to be tried for his life upon the charge of murder herein in the Circuit [Court] of Bolivar county, State aforesaid;" still another, that the grand jury "was not a duly elected and legally empanelled grand jury as contemplated in the guarantees of the constitution of the State of Mississippi, and the Constitution of the United States."

The motion to quash the indictment was overruled. The record shows that the defendant duly excepted to the action of the court, but does not show that any evidence was introduced in support of the motion.

The accused was then arraigned and pleaded not guilty. He demanded a special venire. Thereupon fifty names were drawn from the jury box in open court, and process was issued for those persons.

The case having been continued, the accused at the next term made an application by petition for the removal of the cause for trial into the Circuit Court of the United States for the western division of the Southern District of Mississippi. The petition is here given in full:

"This petition respectfully shows that Charley Smith, a citizen of the United States, is in custody of the sheriff of

Bolivar county, Mississippi, by virtue of an indictment presented by what purports to have been a regular grand jury for the May term of said Circuit Court, 1894, upon a charge of murder. Relator states that he is a citizen of the State of Mississippi, and that under the constitution of said State, section 14 thereof, he is guaranteed that for such an offence he shall first be presented and tried by an impartial jury. Further, that he shall not be deprived of his liberty or of his life in the State aforesaid except by due process of law, and that said state constitution, as shown and prescribed in section 264 thereof, which qualifications shall be required of jurors, grand and petit, in the said State; and that the statute of 1892 of said State, styled the Annotated Code of Mississippi, adopted by the state legislature on —— day of April, 1892, prescribes new and separate requirements for jurors, different, separate and distinct from those requirements fixed by the constitution of said State, to wit: The constitution of the State prescribes, section 264, that all qualified electors able to read and write shall be competent to serve as jurors in the courts of the State. The statute of said State, viz., the Annotated Code of 1892, section —— thereof, provides that the board of supervisors of said county shall use as a guide (in selecting names of persons to serve as jurors for the two terms of the Circuit Court next, respectively, to be holden after the then list being prepared by them, the said board of supervisors) the registration roll of legal voters of the county, and that they shall select for jurors to serve as aforesaid persons of 'good intelligence, fair character and sound judgment;' and such of said statute is in conflict with the constitution of said State. Further, the record of the board of supervisors of said county shows that the list of jurors averring to have been drawn by them for the term then next to follow, being the said May term, 1894, was prepared under an order of said board of said county, which is as follows: 'Ordered by the board that the following named persons be, and are hereby, selected to serve as petit jurors for the next term of the Circuit Court,' which said order of said board fails to show upon its face that the list so selected for the purpose aforesaid was selected from

the registration roll of said county; said order fails to show that the persons so named in the list were citizens of said county, or were selected according to the laws of the State, or that they were qualified voters, duly registered according to law, and further fails to show that they, the persons so selected, were so selected to serve in Bolivar county, State aforesaid. Relator further states that the certificate of the circuit clerk of the said county, the sheriff of said county, and the chancery clerk of said county, which is attached to the list of names drawn from the jury box, constituting the petit jurors for the first week of said May term of Circuit Court of said county and copied in the minutes of the first day's proceedings of the said court, is void: First, because the circuit clerk, J. E. Ousley, did not personally attend the drawing of said list, but said certificate shows that he was represented in said drawing by deputy clerk. The statute prescribes that the circuit clerk shall officiate at said drawing, which must not be more than 15 days before first day of said term. Second, because the said officers charged with the drawing of said jurors failed to certify, as the law directs, 'whether the envelopes containing the names appeared to have been opened or disfigured,' and this list of names contained the names of the persons who were selected by the Circuit Court on the first day of said May term, 1894, as grand jurors, which grand jury presented relator on said indictment.

"Relator charges that the said officers charged with the selection, listing and drawing said jury list, preparatory to the holding of the said May term of said Circuit Court, wilfully and intentionally excluded all colored men from the said list of jurors on account of the fact of their color, and that relator is a colored man charged with murder, and that at the time the said jury list was selected, listed and drawn, as aforesaid, there were in the county of Bolivar 1300 or more duly registered colored voters in said county, and 300 white voters upon the registration roll of said county; the white voters registered did not outnumber the colored voters, and that had the registration roll been used as their guide, as the law directs, they would have drawn some

colored voters' names; but to the prejudice of defendant in the indictment and relator therein, said colored voters were, on account of their color, purposely excluded, and no black person has been summoned to serve as such juror in said county since the adoption of the new constitution on account of the great prejudice against the black race by those in authority, and of the white race, and relator asks subpœnas for said officers to prove same. Relator charges that his right to equal protection by the laws of the State, as guaranteed in Article Fourteen of the Amendments to the Constitution of the United States, was purposely ignored on account of his color and race by the officers charged with the selection of said jury at said term. This he is ready to prove, and prays subpœnas for said officers. That he is not indicted according to the due course of the law of the said State, and therefore prays that his trial under said indictment be removed from this court to the United States Circuit Court for the western division of the Southern District of the State of Mississippi, and that the record bear evidence of such an order of this court, and that said removal of said case be granted by this court upon such terms and conditions as the law directs."

The petition to remove the cause was verified by the oath of the accused to the effect that the facts set out in it were "true to the best of his knowledge and information and belief."

The application to remove the cause into the Circuit Court of the United States for trial was denied, and the accused excepted to this action of the state court.

The defendant then moved that the trial be postponed to a future day of the term on account of the absence of certain witnesses, without whose testimony, he alleged, he could not safely go to trial. Evidence was heard upon this motion, and the application to postpone the trial was denied.

The accused moved to quash the venire of jurors summoned for the second week of the term upon the following grounds: "Because they have not been regularly drawn from the jury box by the officers of the county whose duty it is under the law to draw the venire for the second week of said term,

to wit, the chancery and circuit clerks and sheriff of the county, and that said list of the venire, as appears in the record of the first day's proceedings of the term, is not certified to by the officers of the county charged with the selection of the jury as the law directs, but said jury as now answers to their call as said venire for said week is an illegal venire, and a trial by said jurors or any of them as such venire will be contrary to his rights under the constitution of the State of Mississippi and his rights under the Constitution of the United States, and that defendant, being a citizen of the State of Mississippi and of the United States, he insists upon his right to be tried for this offence by due course of law."

The motion was denied, and the defendant excepted. It does not appear from the record that any evidence was introduced in support of this motion.

The accused having received the panel of jurors, moved that the same be quashed upon the following grounds: "Because the said jury is made up of persons whose names are upon the record as jurors for the second week of the said term of the court, and said list of jurors, constituting the venire for the second week of said term so summoned by the sheriff of the county, was not drawn from the jury box of the county by the chancery clerk and circuit clerk and sheriff of the said county, which the law directs. Nor do the officers of the said county, charged with the drawing of said venire under the law, to wit, as aforesaid, certify to said list so appearing on the minutes of the first day of the said term, and there is no record that such list as does appear, purporting to be said venire for said week, was drawn from the jury box of the county, and said panel is void because composed of persons named being exclusively white jurors chosen on account of their color, as such jurors so illegally summoned to serve and now tendered defendant, he being a negro of the black race, and persons of his race and color were purposely, on account of their color, excluded by said officers of the law. Defendant is a citizen of the State of Mississippi and of the United States, and insists upon his right to be tried by due course of law, as guaranteed him under the rights incorporated in the

constitution of the State of Mississippi and the Constitution of the United States, and the panel now tendered him, from which members of his race are purposely excluded by the officers charged therewith for no other reason than their color, and that 1500 colored men duly qualified to serve as jurors being in the county, to 500 whites, is an abridgment of his rights under the Federal Constitution."

It does not appear that any evidence was introduced or offered in support of this motion to quash, and the motion was overruled, the defendant excepting.

During the examination of jurors on their *voir dire* the accused excepted to certain jurors, but not upon any grounds that involved rights secured by the Constitution of the United States.

The trial of the case was then entered upon, and the defendant was found guilty of murder, and sentenced to suffer the punishment of death.

The record contained the following minute: "On the 6th day of December, 1894, being a day of the said criminal term of said court, the defendant having informed the court on the day of his conviction, before sentence was pronounced on him by the court, that he wished to be allowed to prepare a motion in arrest of judgment, the court held that the motion in arrest of judgment and the motion for a new trial could not be made in one motion, but on said 5th day aforesaid the court ordered counsel to present both motions in one; that it would fine defendant's counsel for contempt unless he combined the motion in arrest of judgment and the motion for a new trial, that both might be heard as one motion, to which action the defendant then and there excepted."

A motion for a new trial was made and denied. Among the grounds of that motion were that the court erred in overruling: 1. The defendant's motion to quash the indictment. 2. His application for a removal of the cause to the United States Circuit Court. 3. The motion to quash the weekly venire. 4. The motion to quash the panel. Other grounds were that the defendant was not tried by a jury fairly and

impartially selected according to the laws of Mississippi and the Constitution of the United States, and was not convicted by due process of law, but was denied equal protection under the laws of the State on account of his race.

The case was carried, upon writ of error, to the Supreme Court of Mississippi, one of the errors assigned being that the application for the removal of the cause into the Circuit Court of the United States for trial was improperly overruled.

The judgment of conviction was affirmed by that court. Its opinion was as follows:

"The action of the court below in overruling the application for removal was not error. See *John Gibson* v. *State*, decided at the present term of this court. The motion to quash the indictment was properly denied. There was either no evidence offered in support of the motion, or, if offered, it does not appear in the record, and in this case we can do nothing but affirm the action of the court in denying this motion. The affidavit appended to the motion in its terms affords no sort of evidence (even if it had been agreed to be considered as such, as was the case in *Neal* v. *Delaware*, 103 U. S. 370) that the affiant had any personal knowledge touching any of the facts relied upon as grounds for upholding the motion. It was made 'as to the affiant's knowledge and belief,' and yet the affiant may have no personal knowledge whatever as to any of the material facts. The affidavit was not evidence to support the motion. In *Neal* v. *Delaware, supra*, the verified petition for removal was treated by the court as evidence for the motion to quash, because of the agreement of the Attorney General of Delaware with the prisoner's counsel to that effect, as the same was construed by the majority of the court."

*Mr. Cornelius J. Jones* for plaintiff in error. *Mr. Emanuel M. Hewlett* was with him on his brief.

*Mr. Frank Johnston*, attorney general of Mississippi, submitted on his brief.

Mr. Justice Harlan, after stating the case, delivered the opinion of the court.

1. For the reasons stated in the opinion of the court in *Gibson* v. *Mississippi, ante,* 565, just decided, it must be adjudged that the petition of the accused for the removal of the prosecution into the Circuit Court of the United States was properly denied. Neither the constitution nor the laws of Mississippi, by their language reasonably interpreted, or as interpreted by the highest court of the State, show that the accused was denied or could not enforce in the judicial tribunals of the State, or in the part of the State where such suit or prosecution is pending, "any right secured to him by any law providing for the equal civil rights of citizens of the United States, or of all persons within the United States." Rev. Stat. § 641.

2. No evidence was offered in support of the motion by the accused to quash the indictment, unless the facts set out in the written motion to quash, verified "to the best of his knowledge and belief," can be regarded as evidence in support of the motion. We are of opinion that it could not properly be so regarded. The case differs from *Neal* v. *Delaware,* 103 U. S. 370, 394, 396. In that case, upon the hearing of the motion to quash the indictment, based upon grounds similar to those here presented, it was agreed between the State, by its attorney general, and the prisoner, by his counsel, with the assent of the court, that the statements and allegations in the petition for removal should be taken and treated, and given the same force and effect, in the consideration and decision of the motions, "as if said statements and allegations were made and verified by the defendant in a separate and distinct affidavit." We said in that case: "The only object which the prisoner's counsel could have had in filing the affidavit was to establish the grounds upon which the motions to quash were rested. It was in the discretion of the court to hear the motions upon affidavit. No counter affidavits were filed in behalf of the prosecution." Again: "We are of opinion that the motions to quash, sustained by the affidavit

of the accused — which appears to have been filed in support of the motions, without objection as to its competency as evidence, and was uncontradicted by counter affidavits, or even by a formal denial of the grounds assigned — should have been sustained. If, under the practice which obtains in the courts of the State, the affidavit of the prisoner could not, if objected to, be used as evidence in support of a motion to quash, the State could waive that objection, either expressly or by not making it at the proper time. No such objection appears to have been made by its attorney general. On the contrary, the agreement that the prisoner's verified petition should be treated as an affidavit 'in the consideration and decision' of the motions, implied, as we think, that the State was willing to risk their determination upon the case as made by that affidavit, in connection, of course, with any facts of which the court might take judicial notice." The case before us is presented, so far as the present question is concerned, in a different aspect. The facts stated in the written motion to quash, although that motion was verified by the affidavit of the accused, could not be used as evidence to establish those facts, except with the consent of the state prosecutor or by order of the trial court. No such consent was given. No such order was made. The grounds assigned for quashing the indictment should have been sustained by distinct evidence introduced or offered to be introduced by the accused. He could not, of right, insist that the facts stated in the motion to quash should be taken as true simply because his motion was verified by his affidavit. The motion to quash was, therefore, unsupported by any competent evidence; consequently, it cannot be held to have been erroneously denied.

3. It is assigned for error that the trial court refused to postpone the trial, to quash the weekly venire of jurors and the panel of jurors, or to sustain the exception of the accused to the qualifications of jurors tendered to him. None of these motions are so presented by the record as to raise any question as to the deprivation of rights secured to the accused by the Constitution or laws of the United States.

4. The overruling of the motion for a new trial is not a

matter which this court can reëxamine upon writ of error — the granting or refusing of such a motion being a matter within the discretion of the trial court.

5. In view of the order of the trial court directing the motion for a new trial and a motion to arrest the judgment to be embraced in one motion, we have, in our consideration of the case, treated the motion for new trial as having been intended to be also one to arrest the judgment. We are of opinion, for the reasons stated in *Gibson* v. *Mississippi*, as well as in this opinion, that no error of law was committed by the trial court in declining to arrest the judgment. As the application to remove the cause into the Circuit Court of the United States was properly overruled, and as the motion to quash the indictment was, for the reasons above stated, also properly overruled, the order refusing to arrest the judgment cannot be held to be erroneous upon any ground of which this court can take cognizance in its review of the proceedings of the Supreme Court of Mississippi.

It results that the judgment must be

*Affirmed.*