PAUL CRAVER V. THE STATE.

No. 22524.   Delivered June 16, 1943.
Rehearing Waived June 25, 1943.

The opinion states the case.

*W. W. Kirk,* of Plainview (*Chas. H. Dean,* of Plainview, attorney only on briefing case), for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of murder with malice, and assessed a term of ten years in the penitentiary.

The appellant, the deceased, and a major portion of the witnesses were colored people, and there is much confusion and contradictions found in the testimony, but it seems that the State's testimony showed a covetousness upon the part of appellant for the deceased's wife, an association with her and intercourse with her at three separate times. On the night in question, after some conversation with the deceased in close proximity to his car, parked in what was the negro portion of

the City of Plainview, appellant cut the deceased with a knife so severely that about six inches of the intestines protruded from an opening in his abdomen, and from the effects of which he thereafter died in about two days.

Appellant's defense was a denial of any association, either actual or contemplated, with the wife of the deceased; but that on the night of the killing he saw deceased standing near deceased's automobile with a gun in his hand, and upon being accosted by appellant deceased gave an evasive answer, whereupon appellant attempted to apologize to deceased, which apology was not accepted, and upon a demonstration upon deceased's part with the gun, appellant wrested the same from deceased, but finally returned same to deceased, who again made a demonstration therewith, whereupon appellant again took the gun from deceased, and deceased put his hands in his pockets, and appellant, thinking his life to be in danger, cut his antagonist in his own self-defense. These two contradictory theories were produced before the jury, and they exercised their province by accepting the theory of the State.

There was filed a motion to quash the indictment on the ground of a discrimination against the negro race in that the grand jury which found this indictment was composed wholly of white men, no negro appearing thereon; that there were many negroes in Hale County who possessed the qualification demanded by statute for grand jurors, but that there had never been any negro on any grand jury in such county. These were but allegations only, and no proof of any kind was introduced nor shown bearing out any such allegations. They do not prove themselves, but must be sustantiated by proof thereof, or an offer to prove such allegations. See Carter v. Texas, 177 U. S. 442, 44 L. Ed. 839, in which it was held:

"The motion to quash on such a ground being based on allegations of fact not appearing in the record, those allegations, if controverted by the attorney for the State, must be supported by evidence on the part of the defendant. Smith v. Missippi, 162 U. S. 592, 601, 40 L. Ed. 1082; Williams v. Missippi, 170 U. S. 213, 42 L. Ed. 1012." Also see Kimbrough v. State, 61 S. W. (2d) 110.

Bill of exceptions No. 1 complains of the testimony of Charlie Merrick, the employer of appellant, relative to appellant's conduct with the wife of the deceased. The bill itself seems to be multifarious, containing more than one question objected to by appellant's attorney, and it also appears, however, that all

the objected to testimony was relative to the association of appellant with deceased's wife. The gist of the statement made by Merrick was that he told appellant that he had better get him a woman and settle down like other colored boys, and let deceased's wife alone. Evidence of appellant's infatuation with and pursuit of the wife of deceased was given in much more cogent testimony by two other witnesses unobjected to by appellant, and the further conversation testified to by Merrick was but cumulative of the matters testified to by such two witnesses. If error at all, which we do not assert, we think such would have been harmless.

By bill of exceptions No. 2 the appellant complains that while Hattie Bagby, a character witness for the defendant, was on the stand that the district attorney asked how many women Paul had had out there trying to live with him during the last year. On objection the court instructed the jury not to consider the question. The district attorney then asked the question as to whether the witness knew the colored woman that Paul had out at his place. The witness answered, "There wasn't any that I know of." The court stated that he had sustained the objection to that and the district attorney then stated he would not ask the question any more but he was just trying to get the woman's name. Though the objection was sustained and the instruction given the jury not to consider it, the appellant alleges error. In the light of all the facts of this case, we fail to see where any reversible error is presented. The ordinary rule is that an instruction by the court to disregard the testimony will remove the harmful effect. In the light of the other facts developed it can not be said that this question was of such a nature that an instruction could not cure the harm. Again, we have the answer of the witness, which was that there was no woman out there with appellant that she knew of.

Finding no error in the record, the judgment is affirmed.

ORDER.

HAWKINS, Presiding Judge.

Appellant has filed his personal affidavit advising the court that he waives filing a motion for rehearing herein and desires his appeal to be finally determined before adjournment of this court for the term in order that he may begin serving the sentence against him.

It is therefore the order of the court that the clerk issue mandate immediately directing the trial court to observe the judgment of affirmance.