**James E. COLLINS, Jr., Plaintiff,**

v.

**Herndon E. RISNER, d/b/a Capitol Trucking Company, Defendant.**

**Civ. A. No. 6062.**

United States District Court
E. D. South Carolina,
Orangeburg Division.

Nov. 26, 1958.

Blatt & Fales, Barnwell, S. C., Whaley & McCutchen, Columbia, S. C., for plaintiff.

T. B. Bryant, Jr., Fred R. Fanning, Jr., Orangeburg, S. C., for defendant.

WYCHE, District Judge.

At the close of the evidence in this case the defendant made a motion for a directed verdict for the defendant upon the grounds stated in the record. I reserved my decision on the motion and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $15,000, actual damages. Judgment for the plaintiff was entered accordingly.

The case is now before me upon motion of the defendant to have the verdict and judgment entered thereon set aside, and to have judgment entered in accordance with its motion for a directed verdict. The motion for a new trial was joined with this motion and a new trial was prayed for in the alternative without specifying any grounds. The defendant contended that the words "in the alternative" incorporated the grounds in its motion for a directed verdict.

■ After careful consideration of arguments and written briefs submitted by the parties, and the evidence in the case, it is my opinion that the only reasonable inference to be drawn from all the evidence is that the plaintiff was guilty of contributory negligence and recklessness as a matter of law; plaintiff's own negligence and recklessness contributed as a proximate cause to his injuries and damages, and he is, therefore, barred from recovery of damages in this action.

It is, therefore, Ordered, That the judgment heretofore entered for the plaintiff be set aside and judgment entered for the defendant, in accordance with its motion for a directed verdict.

■ It is my opinion that I do not have jurisdiction to grant defendant's motion for a new trial because the defendant did not incorporate in its motion for a new trial any specific grounds therefor. Even if the words "in the alternative" could be construed to incorporate the grounds in the motion for a judgment n. o. v., they are not grounds upon which a new trial may be granted but only grounds upon which a judgment n. o. v. may be granted.

■ Rule 59(a), Fed.Rules Civ. Proc. 28 U.S.C.A. permits the filing of a motion for judgment in the absence of a motion for a new trial or the filing of both motions jointly or a motion for a new trial in the alternative. Rule 50(b) recognizes that each motion has its own office and depends on different grounds, although those grounds may overlap; and that the motion for judgment n. o. v. cannot be granted unless a verdict should have been directed for the movant, while the motion for a new trial may invoke the discretion of the court insofar as it claims that the verdict is against the weight of evidence, that the damages are excessive or inadequate, or that, for other reasons, the trial was not fair to movant, and may raise questions of law as to substantial errors in admission or rejection of evidence, or instructions to the jury. The provisions of Rule 50(b) are construed not to confine the trial judge to an initial choice of either motion; that the granting of the motion for judgment n. o. v. does not operate as a denial of the motion for a new trial. Accordingly, it is held, because consistent with the language of Rule 50(b) and for reasons of *convenient and expeditious practice,* that if alternative prayers or motions are presented for judgment n. o. v., and for a new trial, the trial judge should rule on the motion for judgment, and whatever his ruling thereon may be, he should also rule on the motion for a new trial, indicating the grounds of his decision. See, Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147.

At the hearing of arguments on the motions defendant orally moved for a new trial upon the specific ground that I erred in not allowing defendant to prove that the liability insurance carrier of the truck plaintiff was driving at the time of

**16**

the accident paid the driver of defendant's truck $10,000 in settlement of his claim against the owner of the truck driven by the plaintiff, for personal injuries.

Even if I had jurisdiction, I would deny the motion for a new trial on this ground.