**310**

In re Judith A. ZINKE, a/k/a Judith Zinke, Judith Zorn, Debtor.

Judith A. ZINKE, Plaintiff,

v.

UNITED STATES DEPARTMENT OF the TREASURY; New York State Tax Commission; City of New York Department of Finance; Sherman, Citron & Karasik; Dejet Systems; Denwell Contractors, Inc.; Goodman Plumbing & Heating Corp.; Robert Abruzzo; Strazzen & Son; Environmental Control Board; V.A. Paradise, as Trustee for Schiavone Construction Company Profit Sharing Plan and Schiavone Construction Company Pension Trust; Philip Zinke, John Does and Jane Does, being individuals, partnerships, corporations or other entities whose real names are unknown, who may have an interest in property to be sold, Defendants.

Bankruptcy No. 887–71461–20.
Adv. No. 887–0193–20.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Dec. 22, 1992.

Tim Truman, Truman & Spicer, P.C., Fort Worth, TX, for Stonehenge Insured Notes–I Ltd. Partnership.

Patricia C. Henry, U.S. Dept. of Justice, E.D.N.Y., Sp. Asst. U.S. Atty., Brooklyn, NY.

Abe Backenroth, Backenroth & Grossman, New York City, for debtor and debtor in possession.

Michael B. Hunter, Bishop, Payne, Lamsens, Williams & Werley, Fort Worth, TX, Andrew S. O'Connor, Liddle, O'Connor, Finkelstein & Robinson, New York City, for Stonehenge Insured Notes–I Ltd. Partnership and Harbison–Fischer Mfg. Co.

DECISION AND ORDER ON MOTION FOR NEW TRIAL, CLARIFICATION OF RULING, AND/OR ALTERATION OR AMENDMENT OF JUDGMENT

ROBERT JOHN HALL, Bankruptcy Judge.

PRELIMINARY STATEMENT

This matter comes before the Court upon a motion ("Motion") by STONEHENGE IN-

SURED NOTES–I LIMITED PARTNER-SHIP and HARBISON–FISCHER MANU-FACTURING COMPANY ("Movants") for an order of the Court granting a new trial to the Movants, or clarifying or altering or amending a prior ruling of the Court.

The Court has jurisdiction over the Motion pursuant to section 157(a), (b)(1) of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(A), (B), (N), and (O) of title 28.

For the reasons set forth below, the Court holds that the Motion for a new trial, or for alteration or amendment or the Court's prior ruling is DENIED; a limited amount of clarification of our prior ruling is GRANTED and is provided by this opinion and order.

### FACTS

From the Court's files, all papers submitted in support of and in opposition to the Motion and the hearing held thereon ("Hearing") the Court makes the following findings of fact.

Procedural Background

On September 29, 1987, Judith A. Zinke, the above-referenced Debtor (the "Debtor") filed a voluntary petition for bankruptcy relief under chapter 11 of title 11, United States Code ("Bankruptcy Code"). On November 3, 1987, the Debtor commenced the above-referenced adversary proceeding ("Adversary Proceeding") through which the Debtor sought, among other things, Court approval of a sale pursuant to Bankruptcy Code section 363, of 100% of the shares and proprietary leasehold interest in a certain cooperative apartment located at 1010 Fifth Avenue, New York, New York ("Shares"). Under section 363(h) and (f), a debtor may sell property of the estate free and clear of any interest in such property, including the joint interest of a co-owner. 11 U.S.C. § 363(h), (f). By order dated December 2, 1987, the Court (i) authorized and approved a sale of the Shares free and clear of all liens and encumbrances; (ii) authorized the payment, at closing and out of the proceeds of the sale of the Shares ("Proceeds"), of all expenses and taxes owed or incurred in connection with the sale; (iii) ordered the payment of such taxes to be made without prejudice to the rights of competing claimants to make claims for the recovery of such funds against the taxing authorities; (iv) held that the taxing authorities would remain subject to the jurisdiction of the Court to determine any and all claims raised in the Adversary Proceeding or with regard to any claim for recovery of the funds paid to the taxing authorities pursuant to the order; (v) ordered that the respective interests of the Debtor and her husband, Philip W. Zinke ("Mr. Zinke"), as well as other claimants who filed claims against the Shares or the Proceeds on or before November 13, 1987, shall attach to the balance of the Proceeds; and (vi) ordered that any and all John Does and/or Jane Does or any other defendants therein who had not submitted an answer to the complaint in the Adversary Proceeding prior to November 17, 1987, would be declared to be in default and shall have no further claims to the Proceeds.

The Movants became the only persons or entities to assert claims to the Proceeds. Pleadings were served and filed with the Court and on August 5 and 6, 1991, a trial on Movants' claims was held before the Court ("Trial").

In an order dated September 25, 1991, the Court adjudicated the Movants' claims to the Proceeds and set forth its findings of fact and conclusions of law ("Decision"). The Decision set forth the Court's holding that the Movants did not establish a constructive trust claim to the Proceeds.

### THE PRESENT MOTION

The Movants' Motion is for (i) a new trial; (ii) for clarification of the Decision; and/or (iii) for alteration or amendment of the Decision. On January 8, 1992, the Hearing on the Motion was held before the Court at which time the Court reserved decision. The Court will address each prong of the Motion separately.

New Trial

The Movants' request for a new trial is based upon contentions made in various sections of their written Motion and during the Hearing.

Movants first argue that counsel for the United States refused to disclose the location of the Debtor's husband, Mr. Zinke, which resulted in Mr. Zinke's testimony at the Trial being an unfair surprise. To support their allegations that counsel for the United States knew the location of Mr. Zinke, Movants refer to facts learned about Mr. Zinke subsequent to the Trial. The Movants' state that they learned of Mr. Zinke's conviction in the District Court for the Southern District of New York, for certain violations of the Federal Income Tax law. They state they also learned that Mr. Zinke cooperated with the United States in 1990 in connection with certain criminal matters, and for such cooperation received a reduction in his sentence in 1991.

Movants rely upon these facts as bases for their allegations that United States' counsel knew where Mr. Zinke was.

Movants also state that their inquiry of counsel for the United States and others as to the location of Mr. Zinke was to no avail since they were told that his location was unknown. In fact, on the Friday before the Trial, Movants asked Patricia C. Henry ("Ms. Henry"), who represented the United States, whether she intended to produce any other witnesses at trial other than one Mr. Bernard Karoff. Ms. Henry's response was that she was still attempting to reach Mr. Zinke.

The following quotation adequately summarizes the Movants' contentions/arguments:

The misconduct of counsel for the United States in refusing [to] disclose the whereabouts of Mr. Zinke resulted in a miscarriage of justice that calls for the granting of a new trial in this case, or in the alternative, to allow the reopening of the record for additional testimony concerning the conviction of Mr. Zinke and the sentence reduction agreement with the United States. The testimony of Philip W. Zinke at the trial was a surprise to Movants.

Movants Application and Motion at 2–3.

In response to the Motion, a declaration in opposition by Ms. Henry and an objection by the Debtor were filed with the Court.

Ms. Henry writes:

The Movants' contention that Zinke was convicted and sentenced to six months for violations of federal income tax laws, and that he "cooperated" with the United States in connection "with certain unrelated criminal matters" and thereafter, in 1991 "received a reduction in his sentence" is irrelevant to the case at bar. Zinke is not a party to this action and he did not "cooperate with the United States" in the adversary proceeding. He testified freely; the United States did not coerce, persuade, and/or influence Zinke nor did it suggest in any manner the content of his testimony. The United States did not represent Zinke in the adversary proceeding and had no control over his actions. Contrary to the Movants' contention that there was a miscarriage of justice because counsel for the United States "refused" to disclose the whereabouts of Zinke prior to the trial, the United States could not "disclose" the whereabouts of Zinke because the United States did not know the whereabouts of Zinke.... The Movants complain that they were unable to depose Zinke prior to trial although they were entitled to do so. Yet, the Movants had the same ability to locate and depose Zinke based on past legal dealings with Zinke and could have used the same sources to locate him as did the United States. As of August 2, 1991, at the Karoff deposition, on the Friday before the trial, the undersigned did not know the whereabouts of Zinke nor whether Zinke would be at the trial. But, since the United States was still actively seeking to ascertain his whereabouts, the undersigned advised the Movants that she was still trying to locate him.... Although the Movants contend that Zinke's testimony at trial in this case was contrary to the information gathered by

Movants in preparation for trial and that as a result they were not prepared to examine Zinke, the Movants fail to provide an explanation of what testimony was contradictory or why this is grounds for a new trial.

Declaration of Patricia C. Henry dated Nov. 4, 1991 at 1–4 (paragraph numbers omitted).

The Court agrees with Ms. Henry's statements. Mr. Zinke's cooperation in 1990 with the United States, in exchange for a sentence reduction received in 1991, does not establish that the United States could ascertain the location of Mr. Zinke prior to the Trial conducted in 1991. Since the Court cannot, and therefore will not, infer that counsel for the United States knew Mr. Zinke's location by virtue of his cooperation with the government in 1990, such cooperation is irrelevant to the Motion at bar. Movants have not alleged, nor more importantly have not established, that Mr. Zinke cooperated with the United States in the Adversary Proceeding. With nothing to persuade the Court otherwise, we must conclude that Mr. Zinke testified freely, and that the United States did not coerce, persuade, and/or influence him nor suggest in any manner the content of his testimony. We are aware that the United States did not represent Mr. Zinke in the Adversary Proceeding and have no reason to believe that it possessed any control over his actions.

■ It is impossible for the Court to hold that counsel for the United States refused to disclose the whereabouts of Mr. Zinke prior to the Trial: No cause exists for the Court to surmise that his location was known to United States' counsel. Where the allegations made in support of a motion are controverted, there is an issue of fact and the moving party has the burden of sustaining those allegations by sufficient proof. *Brownfield v. South Carolina*, 189 U.S. 426, 428, 23 S.Ct. 513, 514, 47 L.Ed. 882 (1923) (citing *Smith v. Mississippi*, 162 U.S. 592, 601, 16 S.Ct. 900, 903, 40 L.Ed. 1082 (1896)). Movants' allegations have been directly controverted; they have not,

however, sustained the allegations by offering any proof.

■ Since the Movants have not shown that Mr. Zinke's location was known by United States' counsel but undisclosed, the Court cannot hold that there existed an unfair advantage. Obviously, the Movants were permitted to employ the usual methods of finding a witness for deposition, trial or otherwise. Movants' counsel had the same opportunity and methods available as counsel for the United States. On the unproven allegations of the Movants, the Court cannot conclude that counsel for the United States had an unfair advantage or that there was a miscarriage of justice.

On the Friday before the Trial, Ms. Henry informed the Movants that she did not know the whereabouts of Mr. Zinke nor whether he would be at the trial, and that the United States was still actively seeking to ascertain his whereabouts and trying to locate him. The veracity of these statements has not been refuted, nor even put into question.

The Movants' contentions that Mr. Zinke's testimony at the Trial was contrary to their information gathered in preparation therefore, and that as a result they were not prepared to examine Mr. Zinke, is devoid of substantive basis. The Movants utterly fail to proclaim what testimony was contradictory or why this provides them with grounds for obtaining a new trial. The failure to specify the testimony which was allegedly incorrectly admitted precludes the Court from considering the claimed error. *E.g., Arteiro v. Coca Cola Bottling, Midwest, Inc.,* 47 F.R.D. 186, 189 (C.D.Minn.1969); *see Collins v. Risner,* 23 F.R.D. 14, 15 (E.D.S.C.1958) (district court has no jurisdiction to grant motion for new trial where party failed to incorporate specific grounds for motion), *aff'd,* 269 F.2d 654 (4th Cir.), *cert. denied,* 361 U.S. 924, 80 S.Ct. 293, 4 L.Ed.2d 240 (1959).

The Movants have not established that their inability to depose Mr. Zinke prior to trial was produced by any act or omission of counsel for the United States. Allegations that counsel for the United States failed to disclose the location of Mr. Zinke

are insignificant unless his location was in fact known. The Movants have not provided any reason to believe that Mr. Zinke's location was known by United States' counsel; clearly, therefore, the allegations have not been demonstrated. The declaration of Ms. Henry clearly provides that Mr. Zinke's location was unknown and therefore must satisfactorily refute all bare allegations to the contrary.

The Court cannot give serious credence to the Movants' position that they were *unable* to depose Mr. Zinke. The Court has not been informed of any facts which establish that the Movants had other than the same ability to locate and depose Mr. Zinke based on past legal dealings with him and could have used the same sources to locate him as did the United States.

The testimony of Mr. Zinke was elicited on direct examination and was admitted *without objection* by the Movants. The Movants cannot now object to this testimony. The Movants certainly cannot claim that the Court erred in allowing the testimony of a witness to which they did not object. *See Bernstein v. Olian*, 77 F.Supp. 672, 675–76 (S.D.N.Y.1948) (new trial cannot be sought on basis of inconsistency of verdict which was permitted by an instruction given without objection) (citing, *e.g.*, *Railway Co. v. Heck*, 102 U.S. (12 Otto) 120, 26 L.Ed. 58 (1880) (other citations omitted)); *Sanders v. Glenshaw Glass Co.*, 108 F.Supp. 528, 531 (W.D.Pa.1952) (alleged ground for new trial not prejudicial particularly where matter was not called to attention of court prior to or during trial) (citing cases), *aff'd*, 204 F.2d 436 (3d Cir.), *cert. denied*, 346 U.S. 916, 74 S.Ct. 278, 98 L.Ed. 411 (1953).

The purpose of allowing a motion for a new trial pursuant to Federal Rule of Civil Procedure 59, is to allow a party to point out an error of the Court, so that such error may be corrected. *Fine v. Paramount Pictures*, 181 F.2d 300, 302 (7th Cir.1950); *Sulzbacher v. Continental Casualty Co.*, 88 F.2d 122, 124 (8th Cir.1937); *Milwee v. Peachtree Cypress Inv. Co.*, 510 F.Supp. 284, 289–90 (E.D.Tenn.1978), *aff'd*, 644 F.2d 885 (6th Cir.1981). Movants claim

that the admission of Mr. Zinke's testimony constitutes an error because Movants were unaware he was going to be present. This is not the Court's error. If the arrival of Mr. Zinke at the Trial constituted an unfair surprise, and the allowance of his testimony resulted in a miscarriage of justice, as Movants now allege, then surely the Movants could and should have timely objected to his testimony. Absent an objection, the Court had no reason to suspect that the allowance of the testimony was unfair. Indeed, it has been held that a specific objection to a ruling of a trial judge is a *condition precedent* to a motion for a new trial based on error in connection with such ruling. *Weaver v. Ford Motor Co.*, 382 F.Supp. 1068, 1074 (E.D.Pa.1974), *aff'd*, 515 F.2d 506, 507 (3d Cir.1975).

Accordingly, the Court holds that the Movants' failure to object to the presence and/or testimony of Mr. Zinke precludes them from now asserting that his presence and/or testimony constitutes grounds for a new trial. *See, e.g., Green v. Philadelphia Gas Works*, 333 F.Supp. 1398, 1405 (E.D.Pa.1971) (objection to admission of photograph could not be raised for first time on motion for new trial), *aff'd*, 478 F.2d 313 (3d Cir.1973); *Brescia v. Ireland Coffee–Tea, Inc.*, 73 F.R.D. 673 (E.D.Pa. 1977) (objection to introduction of evidence at trial cannot be made for first time on motion for new trial). Even Movants' allegations as to the misconduct of counsel for the United States could have and should have been objected to at trial, rather than herein in the first instance. *E.g., Berner v. British Common. Pac. Air., Ltd.*, 346 F.2d 532 (2d Cir.1965) ("challenge, raised for the first time on the motion for new trial, came too late") (quoting *Griffin v. Ensign*, 234 F.2d 307, 316 (3d Cir.1956); citing *Vareltzis v. Luckenbach S.S. Co.*, 153 F.Supp. 291 (S.D.N.Y.1957), *aff'd*, 258 F.2d 78 (2d Cir.1958)), *cert. denied*, 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472 (1966); *Butts v. Curtis Pub. Co.*, 225 F.Supp. 916 (N.D.Ga.), *motion denied*, 242 F.Supp. 390 (N.D.Ga.1964), *aff'd*, 351 F.2d 702 (5th Cir. 1965), *aff'd*, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). Upon learning that Mr. Zinke was present and was to be the

first witness called to testify, Movants had the opportunity to allege that counsel improperly failed or refused to disclose his whereabouts. Movants did not, and Mr. Zinke's testimony was then admitted, without objection. Now is not the proper time to raise original allegations of impropriety.

In addition to their failure to object to Mr. Zinke's testimony or his presence, or to question the circumstance that United States' counsel were "suddenly" able to locate him, the Court acknowledges that the Movants failed to seek a recess, continuance or an adjournment based on these circumstances. Rather, Movants actually conducted their own lengthy cross-examination of Mr. Zinke. Having taken no steps to prevent Mr. Zinke from testifying on direct, and even sanctioning the validity of the direct examination by conducting their own cross, Movants cannot claim that there was a miscarriage of justice.

Movants also base the Motion on the grounds that Mr. Zinke was convicted of certain offenses and negotiated plea arrangements with the government. Movants contend that counsel for the United States refused to disclose these facts and that their learning of them after the Trial constitutes grounds for a new trial on the basis of newly discovered evidence. The Court holds that this argument is contrary to the governing law.

▓▓▓▓ A party seeking a new trial on the grounds of newly discovered evidence must establish that the evidence was of such magnitude that its production would likely have changed the outcome of the initial trial, and that the evidence could not have been discovered in time for trial through due diligence. *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 420–21, 43 S.Ct. 458, 463, 67 L.Ed. 719 (1923); *Philip v. Mayer*, 635 F.2d 1056, 1063 (2d Cir.1980); *Fisher Studio, Inc. v. Loew's, Inc.*, 232 F.2d 199, 203 (2d Cir.), *cert. denied*, 352 U.S. 836, 77 S.Ct. 56, 1 L.Ed.2d 55 (1956). The evidence the Movants learned subsequent to the Trial, which arguably would have tended to impeach Mr. Zinke's credibility, would not have changed the result. Nevertheless, neither impeaching nor cor-roborative evidence constitutes "newly discovered evidence" that forms a basis for the granting of a new trial. *Anderson v. Tway*, 143 F.2d 95, 104–05 (6th Cir.1944) (McAllister, J., concurring), *cert. denied*, 324 U.S. 861, 65 S.Ct. 865, 89 L.Ed. 1418 (1945); *Old Dominion Stages v. Cates*, 65 F.2d 258, 259 (6th Cir.), *cert. denied*, 290 U.S. 687, 54 S.Ct. 123, 78 L.Ed. 592 (1933); *Chromalloy Am. Corp. v. Alloy Surfaces Co.*, 55 F.R.D. 406, 409 (D.Del.1972).

Furthermore, Movants cannot seriously allege that evidence of convictions and subsequent plea arrangements could not with due diligence have been uncovered in time for trial. Therefore, such "newly discovered evidence" is not a sufficient basis for the Court to grant a new trial. *Curtis Pub. Co. v. Butts*, 351 F.2d 702, 717 (5th Cir.1965) (new trial motion properly denied though new evidence demonstrated two of plaintiff's witnesses testified falsely and strongly supported justification defense to alleged libelous article since defendant had not exercised reasonable diligence, evidence would merely tend to affect weight and credibility of testimony and evidence would not have changed verdict), *aff'd*, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); *see also Mayer v. Higgins*, 208 F.2d 781, 783 (2d Cir.1953); *Knight v. Hersh*, 313 F.2d 879, 880 (D.C.Cir.1963); *King v. Leach*, 131 F.2d 8, 9 (5th Cir.1942); *Ionian Shipping Co. v. Tyson Shipping Co.*, 49 F.R.D. 334, 336 (S.D.N.Y.1969) ("To warrant a new trial on the grounds of newly discovered evidence under Rule 59(a), the evidence must not only have been unknown to the movant at the time of trial but also the movant must have been excusably ignorant of the facts so that they could not have been discoverable by diligent search.") (citing *Toledo*; *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926 (2d Cir.), *cert. denied*, 313 U.S. 573, 61 S.Ct. 959, 85 L.Ed. 1530 (1941); *Alison v. United States*, 251 F.2d 74 (2d Cir.1958)).

Movants Motion for a new trial is, therefore, denied.

Motion for Clarification

The Movants also request, pursuant to their Motion, that the Court clarify whether the Decision is a "judgment".

The Decision is a final appealable order. *State Gov't Creditors' Comm. v. McKay (In re Johns–Manville Corp.),* 920 F.2d 121, 126 (2d Cir.1990) (" '[O]rders in bankruptcy cases may be appealed if they finally dispose of *discrete disputes within the larger case.*' ") (emphasis in original) (quoting *In re Saco Local Dev. Corp.,* 711 F.2d 441, 444 (1st Cir.1983); citing *In re Johns–Manville Corp.,* 824 F.2d 176, 179 (2d Cir. 1987) (order final if it conclusively determines a separable dispute) (*Maiorino v. Branford Sav. Bank,* 691 F.2d 89, 93 (2d Cir.1982)); *Martin Bros. Toolmakers, Inc. v. Industrial Develop. Bd. (In re Martin Bros. Toolmakers, Inc.),* 796 F.2d 1435, 1437–38 (11th Cir.1986) ("... [A]ny order within a bankruptcy case which concludes a particular adversary proceeding should be deemed final and reviewable.") (citing *In re Charter Co.,* 778 F.2d 617 (11th Cir.1985); *Saco* ). Therefore, as expressly stated in the Federal Rules of Bankruptcy Procedure, the Decision is a Judgment. Fed. R.Bankr.P. 9001(7) (" 'Judgment' means any appealable order."). The Court also holds, notwithstanding Movants' incredible contentions to the contrary, that the Decision is set forth on a separate document (bound with a litigation back and entitled "Findings of Fact and Conclusions of Law"). The Decision therefore satisfies Bankruptcy Rule 9021 ("Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document.").

### Motion for Alteration or Amendment

Finally, Movants request that the Court "alter or amend [the Decision] to limit the relief to dismissal or denial of Movants'' constructive trust claims only. Movants' constructive trust claim against the Proceeds was the only issue pending before the Court during the Trial and adjudicated by the Court through the Decision. Amendment or alteration is unwarranted. Movants' right to attach or obtain property owned by Mr. Zinke and held by the Debtor's estate, pursuant to Movants' judgments against Mr. Zinke, obviously arises if and when Movants become entitled to look to specific assets of Mr. Zinke. Movants become so entitled if and when they become secured creditors of Mr. Zinke with the right to look to specific assets for satisfaction.

Movants are concerned, though, that Mr. Zinke's interests in property of the Debtor's estate, if any, were eliminated by the Decision or other order of the Court. They need not be concerned.

The Court's order authorizing a sale of the Shares provides:

> ORDERED, that the respective interests of the Debtor and her husband [Mr. Zinke,] as well as other claimants who filed claims against the Shares or the proceeds of sale thereof on or before November 13, 1987, shall attach to the balance of the proceeds of sale, which shall be held in an interest bearing escrow account ... pending a determination by this Court as to the appropriate disposition thereof. ...

Order in Adv. Pro. No. 887–01930 dated December 2, 1987 at 4 ("December 2nd Order"). The phrase, "claimants who filed claims against the Shares" on or before a certain date, speaks to "other claimants" and excludes Mr. Zinke and the Debtor. If this were not so, the December 2nd Order would contain an absurd requirement: the Debtor as well as Mr. Zinke would have to file a claim against the Proceeds of the sale of the Shares. Further, if the Debtor's claim were not filed on or before the deadline, she would lose her interest. The Court will not interpret the December 2nd Order in a way that causes such a preposterous result. Accordingly, neither Mr. Zinke nor the Debtor was required to file a claim against the Proceeds of the Shares and the failure of either to do so did not result in an elimination of the respective claim. Nevertheless, although Mr. Zinke's interest in and claims against the Proceeds, as well as all other property of the Debtor's estate were not eliminated by the December 2nd Order, the existence and/or validity of any such claims and interests, if any, has not been adjudicated by the Court.

Accordingly, Movants' Motion for a new trial and/or alteration or amendment of the Court's Decision dated September 25, 1991

is DENIED. Limited clarification of the Decision as detailed in this opinion and order is GRANTED, and the Decision is hereinafter to be read and construed in conformity herewith.

SO ORDERED.